UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SCHNEIDER, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>            Defendant. | Case No. 16-cv-02200-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant Chipotle Mexican Grill, Inc.'s motion to dismiss the complaint without leave to amend. Dkt. No. 15 ("MTD"). The Court heard oral argument on the motion on July 28, 2016. Dkt. No. 32. For the reasons articulated below, the motion is GRANTED IN PART and DENIED IN PART.

Defendant moves to dismiss the complaint on five grounds: (1) Plaintiffs' first seven claims brought under California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), California's Unfair Competition Law, Cal Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"), Maryland's Consumer Protection Act, MD. Code Ann., §§ 13-101, *et seq.* ("MCPA"), New York's General Business Law Section 349, N.Y. Gen. Bus. Law § 349 ("Section 349"), and New York's General Business Law Section 350, N.Y. Gen. Bus. Law § 350 ("Section 350") fail under the "reasonable consumer test"; (2) Plaintiffs' eighth claim for unjust enrichment is not a recognized cause of action; (3) Plaintiffs do not allege that Defendant made affirmative misrepresentations or false statements to support their ninth claim for misrepresentation; (4) Plaintiffs' tenth claim for declaratory relief fails because they do not allege an actual controversy

between the parties; and (5) Plaintiffs do not have standing to seek injunctive relief. *See generally* MTD.

The Court begins its analysis with the parties' requests for judicial notice and then addresses Defendant's motion to dismiss.

**1. Requests for Judicial Notice**

a. The Court GRANTS IN PART and DENIES IN PART the parties' requests for judicial notice. *See* Dkt. Nos. 16, 26, 28.

b. The Court GRANTS the requests to take notice of (i) court documents in other actions; (ii) the bill introduced to the United States Senate on June 23, 2016, proposing to establish a national disclosure standard for bioengineered foods ("Senate Bill"); and (iii) Defendant's press release dated April 27, 2015 ("Press Release"). The Court finds that the court documents and Senate Bill are public documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). The Court also finds that it can take notice of Defendant's Press Release under the incorporation by reference doctrine. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (Under the incorporation by reference doctrine, the Court has discretion to consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.").

c. The Court DENIES the requests to take judicial notice of (i) the article entitled "Genetically Modified Organism (GMO) Use in the Chicken Industry"; (ii) the article entitled "How Pervasive are GMOs in Animal Feed?"; and (iii) pages from Defendant's website. The Court finds that Plaintiffs neither refer extensively to the articles and website, nor rely upon them to form the basis of their complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.")

**2. Motion to Dismiss**

a. The motion to dismiss Plaintiffs' first seven claims under the CLRA, FAL,

1  UCL, FDUTPA, MCPA, Section 349, and Section 350 is DENIED.  "California courts . . . have

2  recognized that whether a business practice is deceptive will usually be a question of fact not

3  appropriate for decision on demurrer."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.

4  2008).  Plaintiffs support their allegation that Defendant's "non-GMO" and "GMO free"

5  representations ("Non-GMO Claims")[1] are likely to deceive a reasonable consumer with

6  definitions used by the Non-GMO Project and the federal government, as well as market research

7  and surveys into consumers' reasonable interpretations of the phrases.  Dkt. No. 1 ("Compl.")

8  ¶¶ 20-25.  Moreover, even were the Court to take notice of the disclaimers on Defendant's

9  website, "product information on a website . . . cannot override as a matter of law any

10 misimpressions created by the label."  *See Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694,

11 696 (9th Cir. 2016).  Accordingly, taking Plaintiffs' complaint as true for the purposes of this

12 motion, the Court holds that Plaintiffs sufficiently allege that a reasonable consumer would be

13 deceived by Defendant's Non-GMO Claims to survive at the pleading stage.

14            b.  The motion to dismiss Plaintiffs' eighth claim for unjust enrichment is

15 DENIED.  The Ninth Circuit has recognized that while "there is not a standalone cause of action

16 for 'unjust enrichment'" in California, the term "describe[s] the theory underlying a claim that a

17 defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"

18 *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  As such, "[w]hen a

19 plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract

20 claim seeking restitution."  *Id.* (internal quotations and citations omitted).  Following the Ninth

21 Circuit's guidance, the Court declines to dismiss Plaintiffs' claim for unjust enrichment and

22 instead construes it as a quasi-contract claim.

23            c.  Defendant's motion to dismiss Plaintiffs' ninth claim for misrepresentation

24 is DENIED.  Accepting Plaintiffs' allegations that the reasonable consumer shares their definition

---

[1] Specifically, Defendant's Non-GMO Claims consist of Defendant's representations that it prepares its food using "only non-GMO ingredients," Compl. ¶ 34, that "all of [its] food is non-GMO," *id.* ¶ 35 (quotation marks omitted), and that "[w]hen it comes to [its] food, genetically modified ingredients don't make the cut," *id.* ¶ 37.  As Plaintiffs' counsel acknowledged at the July 28, 2016, hearing, the Court only considers the representations explicitly alleged in the complaint for purposes of deciding this motion.

of phrases like "non-GMO" and "GMO free," Defendant's Non-GMO Claims were affirmative misrepresentations sufficient to support Plaintiffs' misrepresentation claim. Moreover, Plaintiffs demonstrate the plausibility of their interpretation of Defendant's Non-GMO Claims by proffering definitions used by the Non-GMO Project and the federal government, as well as market research and consumer surveys. *See* Compl. ¶¶ 20-25. Accordingly, the Court holds that Plaintiffs have adequately stated a claim for misrepresentation to survive at the pleading stage.

        d.  The motion to dismiss Plaintiffs' tenth claim for declaratory relief is DENIED. For the reasons noted above, the Court concludes that Plaintiffs have adequately alleged an actual controversy between the parties.

        e.  Defendant's motion to dismiss Plaintiffs' request for injunctive relief is GRANTED. To have standing to seek prospective injunctive relief under Article III of the United States Constitution, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks omitted). It is entirely implausible that Plaintiffs risk being harmed by Defendant's alleged misrepresentations again. *See Gershman v. Bayer HealthCare LLC*, No. 14-cv-05332-HSG, 2015 WL 2170214, at *8 (N.D. Cal. May 8, 2015); *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014), *reconsideration denied*, No. 13-CV-03482-SI, 2014 WL 6815779 (N.D. Cal. Dec. 3, 2014) (holding that plaintiff lacked standing to pursue injunctive relief given his knowledge that defendant's statement was false). The Court finds that Plaintiffs have not alleged "a real and immediate threat" of future injury and they therefore do not have standing to seek injunctive relief.[2]

\*   \*   \*

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' first through tenth

---

[2] While the Court recognizes that other district courts have allowed claims for injunctive relief to proceed under similar circumstances based on policy reasons, the Court respectfully disagrees with those decisions because state policy objectives cannot trump the requirements of Article III. *See Delarosa v. Boiron, Inc.*, No. 10-cv-01569-JST, 2012 WL 8716658, at *3 (C.D. Cal. Dec. 28, 2012) ("To the extent that . . . other cases purport to create a public-policy exception to the standing requirement, that exception does not square with Article III's mandate.").

1  claims for relief is DENIED.  Defendant's motion to dismiss Plaintiffs' request for injunctive
2  relief is GRANTED WITHOUT LEAVE TO AMEND.  *See Duckett v. Schamehorn*, 564 F. App'x
3  290 (9th Cir. 2014) (dismissal without leave to amend is appropriate when further amendment
4  would be futile).

5  The Court sets a case management conference for November 29, 2016, at 2:00 pm.  The
6  parties shall file a joint case management statement by November 22, 2016.

7  **IT IS SO ORDERED.**

8  Dated: 11/4/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge