Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
Email: lking@kaplanfox.com
         lfong@kaplanfox.com
         mgeorge@kaplanfox.com
         mchoi@kaplanfox.com

*Attorneys for Plaintiffs*

Charles C. Cavanagh (SBN 198468)
Kristina Wright (*pro hac vice*)
Allison Dodd (*pro hac vice*)
Jacqueline Guesno (*pro hac vice*)
**MESSNER REEVES LLP**
1430 Wynkoop Street, Suite 300
Denver, CO 80202
Telephone:  303-623-1800
Facsimile:   303-623-0552
ccavanagh@messner.com
kwright@messner.com
adodd@messner.com
jguesno@messner.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN SCHNEIDER, SARAH DEIGERT, LAURIE REESE, THERESA GAMAGE, TIFFANIE ZANGWILL, and NADIA PARIKKA, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>     v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,<br><br>                          Defendant. | Case No. 4:16-cv-02200-HSG (KAW)<br><br>**CLASS ACTION**<br><br>**JOINT DISCOVERY LETTER CONCERNING DEFENDANT'S RESPONSES TO PLAINTIFFS' DISCOVERY** |

Plaintiffs Martin Schneider, Sarah Deigert, Laurie Reese, Theresa Gamage, Tiffanie Zangwill, and Nadia Parikka ("Plaintiffs"), and Defendant Chipotle Mexican Grill, Inc. ("Defendant" or "Chipotle") (collectively, the "Parties"), attest that the Parties' lead trial counsel met and conferred on Thursday, March 2, 2017 via telephone and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

Dated:  March 9, 2017

Respectfully submitted,

*/s/ Charles C. Cavanagh*
Charles C. Cavanagh
**MESSNER REEVES LLP**
*Attorneys for Defendant*

Respectfully submitted,

*/s/ Laurence D. King*
Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
*Attorney for Plaintiffs*

Plaintiffs brought consumer protection claims against Defendant for their misleading and deceptive advertising and labeling that all of its food was "non-GMO," when, in actuality, Chipotle serves meat and dairy products sourced from animals raised on GMO feed and sells beverages that are loaded with corn-syrup derived from GMO corn. Plaintiffs allege that Chipotle failed to disclose this information to consumers, in violation of the consumer protection acts of California, Florida, Maryland, and New York. *See Class Action Complaint*, filed April 22, 2016 [ECF No. 1]. Plaintiffs also allege unjust enrichment, misrepresentation, and for a declaratory judgment. *Id.* In a decision dated November 4, 2016, the Court granted in part and denied in part Chipotle's motion to dismiss [ECF No. 36]. The Court granted the motion to dismiss the injunctive relief claim, but otherwise denied the motion to dismiss the other claims.

The Court entered a Revised Joint Proposed Partial Pretrial Schedule and Order on December 15, 2016 [ECF No. 48], and a Stipulated Protective Order on February 2, 2017 [ECF No. 51]. The parties have exchanged discovery, with additional discovery being conducted. Fact discovery is scheduled to end July 21, 2017, with motions for class certification and summary judgment scheduled to be filed no later than October 20, 2017. The Parties have had multiple meet and confers concerning the issues below, but have not been able to come to resolution.

Defendant's Response:

The Magistrate's Standing Order controls the format of the parties' joint letter. Pursuant to Paragraph 13 of the Standing Order, the letter shall contain only a cover page, a section setting forth the unresolved disputes, and a detailed summary of each party's position. Thus, Plaintiffs' introductory paragraphs are improper. Furthermore, the content of Plaintiffs' introductory paragraphs are misleading. Conspicuously absent is the fact that, in March of 2013, Chipotle became the first national restaurant chain to disclose which of its ingredients were likely to be genetically-modified. On April 27, 2015, Chipotle announced that it achieved its goal of using only non-GMO ingredients to prepare the food made in its domestic restaurants. However, Chipotle has never claimed that all of its food is "GMO-free." Moreover, Chipotle readily discloses that its meat and dairy ingredients are sourced from animals that may have consumed genetically-modified feed, and that its "non-GMO ingredients" representation does not extend to the third-party beverages it sells.

    **A.    Request for Production No. 1**

This Request seeks all documents produced by Chipotle in the lawsuit entitled *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-Civ-COOKE/TORRES (S.D. Fla.). Defendant has refused to produce the documents that were produced in *Reilly*, citing relevance, vagueness, ambiguousness, and that the documents are subject to a protective order. However, it has produced some documents that were produced in *Reilly*, and has also produced the deposition transcript of plaintiff Reilly.

Plaintiffs' Position

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that discovery may be obtained "that is relevant to any party's claim or defense." That encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2015 WL 7180662, at *1 (N.D. Cal. Nov. 16, 2015) (citations omitted).

1

The complaint filed in *Reilly* is essentially a verbatim copy of the complaint formerly filed in the action entitled *Gallagher v. Chipotle Mexican Grill, Inc.*, No. 3:15-cv-03952-HSG (N.D. Cal.). The facts and claims at issue in *Reilly* are essentially the same as it is in this case: whether Chipotle misled consumers when it stated that all of its food was "non-GMO" when, in actuality, its meat and dairy ingredients were derived from animals that consumed GMOs and it served drinks that contained GMOs. The discovery the *Reilly* plaintiff sought from Chipotle is clearly relevant and responsive to the "issues at stake in the action." Fed. R. Civ. P. 26(b)(1). Indeed, Plaintiff Zangwill alleges a violation of the Florida Deceptive and Unfair Trade Practices Act, the same claim plaintiff Reilly made in the Florida action. The documents produced by Chipotle and the deposition transcripts of Chipotle's witnesses in *Reilly* are all relevant and responsive, and should be produced here.

That Defendant cites the protective order in *Reilly* is irrelevant; Plaintiffs are seeking only the documents Defendant produced and *not* the documents the plaintiff in *Reilly* produced. *See In re Oracle Sec. Litig.*, No. C-01-0988 MJJ (JCS), 2005 WL 6768164, *19 (N.D. Cal. Aug. 5, 2005) (noting that relief is not necessary where the defendant "itself possesses the copies of the documents at issue – indeed they are [defendant's] documents"); *Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1246 (S.D. Fla. 2012) (rejecting protection from discovery where the documents sought "are the Defendant's own documents"). Moreover, given the clear overlap in both cases, the production made by Defendant in *Reilly* would only advance the interests of judicial economy by avoiding the wasteful duplication of discovery. *Foltz v. State Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003). Indeed, Defendant's argument is exactly the same here as it was in *Reilly*: that no reasonable person would believe that "non-GMO" includes ingredients that come from animals that feed on GMOs. Since Defendant already produced documents in *Reilly*, a second production would be efficient and could potentially short circuit any further Requests Plaintiffs may make upon Defendant. Finally, it is disingenuous for Defendant to use the relevancy argument as both a sword and a shield. Here, Defendant produced the entire deposition transcript for plaintiff *Reilly*, but then contends the rest of the documents it produced is confidential and proprietary. Defendant cannot have it both ways. Given that the materials requested have already been reviewed and produced in related litigation, there is little if any burden to a simple reproduction.

The definition of "relevancy" is broad; it encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351. The documents produced by Chipotle is *Reilly* is clearly relevant. Plaintiffs' final compromise as to these Requests is what they had proposed to Defendant: Defendant should produce all documents and transcripts of their deponents, subject to any designations of confidentiality pursuant to the Protective Order entered in this matter, that it produced in *Reilly*.

Defendant's Position

Plaintiffs contend that, because the present action and *Reilly* share some factual similarities, every document produced by Chipotle in *Reilly* is automatically relevant here. This is simply not true. *Reilly* concerned a single plaintiff purporting to represent a distinct class of plaintiffs, whose alleged claims arose during a distinct class period, and under a distinct combination of state statutory and common law.

Federal courts routinely reject overbroad, "cloned" discovery requests, such as RFP No. 1.

For example, in *Oklahoma, ex rel. Edmondson v. Tyson Foods, Inc.*, the plaintiffs requested all documents made available by the defendant in a similar lawsuit. 2006 WL 2862216, at *1 (N.D. Ok. Oct. 4, 2006). The court held that similarities of subject matter do not require "*carte blanche* production of all documents" produced in a previous lawsuit, nor is the relevancy of

information "automatic." *Id*. at *1-2. A district court in this Circuit came to an identical conclusion in *Chen v. Ampco Sys. Parking*, where the plaintiff sought all documents produced by the defendant in state court actions involving similar wage-and-hour claims. 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009); *see also Capital Ventures Intern. v. J.P. Morgan Mortg. Acquisition Corp.,* 2014 WL 1431124, at *2 (D. Mass. April 14, 2014) (rejecting "cloned discovery" request as "overbroad and of speculative relevance"); *Midwest Gas Serv., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (denying motion to compel "cloned discovery" because "plaintiffs' counsel must do their own work and request the information they seek directly").

Similarly, in *In re eBay Seller Antitrust Litig.*, the court refused to allow the plaintiffs' counsel to arbitrarily review the defendant's document production from a previous and related case. 2010 WL 2836815, at *3-4 (N.D. Cal. July 19, 2010). Even though the documents were already in the plaintiffs' counsel's possession, the court held that the plaintiffs' proposal defied the "prescribed, normal manner" of discovery. *Id*. at *4. Rather, it was the defendant's "obligation (and right) under federal discovery rules to make a reasonable and diligent search through all of its documents—including, presumably, its [previous] document production—to locate documents responsive to appropriate requests for production[.]" *Id*.

Plaintiffs' RFP No. 1 is a similar attempt to circumvent accepted discovery practice by requiring Chipotle to make a wholesale production of documents without the requisite determination of relevance.

Plaintiffs' request also finds no support in the fact that Chipotle produced the transcript of Leslie Reilly with its initial disclosures. The deposition transcript of the named plaintiff is not a "document produced by Chipotle" in *Reilly*, and, therefore, the transcript is not even responsive to Plaintiffs' RFP No. 1. Nor are the transcripts of any other *Reilly* witnesses. Plaintiffs' current request for "transcripts of [Chipotle's] deponents" was not included in RFP No. 1 and should not be considered by the Court.[1]

Moreover, by producing Ms. Reilly's transcript, Chipotle does not concede that Plaintiffs' RFP No. 1 is proper, or that all documents produced in *Reilly* are also necessarily relevant in the present matter. Chipotle produced the transcript – and other documents related to the *Reilly* matter – as part of its initial disclosures, prior to receipt of Plaintiffs' written discovery requests. Fed. R. Civ. P. 26(a)(1)(A) requires a party to disclose all documents it "may use to support its claims or defenses." That Chipotle believed that it was obligated under this Rule to produce the transcript and other documents from the *Reilly* matter has no bearing on the relevancy of the requested information—that is, "*all* documents produced by Chipotle" in a previous litigation. Indeed, Chipotle produced no documents in response to Plaintiffs' overbroad and improper RFP No. 1. To be clear, it is not Chipotle's position that **none** of the documents produced in *Reilly* are relevant in this case; but, rather, that not **all** of the documents produced are relevant. *See Edmondson*, 2006 WL 2862216, at *3. Because Plaintiffs' blanket request fails to articulate any discernible basis for relevance, it is improper.

---

[1] If the Court is inclined to agree that deposition transcripts created during the *Reilly* litigation are both responsive to Plaintiffs' request for "documents produced" in *Reilly* and relevant to this case, then Chipotle asks that Plaintiffs be precluded from deposing the witnesses whose deposition transcripts are produced. If Plaintiffs are correct that every fact or issue in *Reilly* is relevant here—indeed, "exactly the same" as Plaintiffs contend—then there would be no need for Plaintiffs to re-depose the *Reilly* witnesses.

### B.     Request for Production Nos. 17 and 18

The Requests seek documents concerning Chipotle's investigation or attempts to investigate the accuracy and/or truthfulness of its Non-GMO claims, as well as documents that support its statement that all of its ingredients are "only Non-GMO." Defendant has refused to produce any documents and stands by its objections, arguing that documents relating to Chipotle's attempts to investigate and support Chipotle's non-GMO claims are irrelevant. Further, Defendant argues that internal communications are not relevant as they are not "consumer-facing." As well, Defendant claims that the Requests are vague and ambiguous. Finally, Defendant claims that the documents Plaintiffs seek are "confidential or proprietary."

Plaintiffs' Position

Throughout this litigation, Chipotle asserts that no "reasonable person would expect and understand that a restaurant claiming its food did not contain GMOs would not serve food from animals fed with GMOs." *See, e.g.*, Answer of Defendant Chipotle Mexican Grill, Inc. to Plaintiffs' Class Action Complaint, filed December 1, 2016 (the "Answer"), ¶ 25 [ECF No. 40]; *see also* Notice of Motion and Motion of Defendant Chipotle Mexican Grill, Inc. to Dismiss the Complaint, at 2:8-10, 18:12-19:5 [ECF No. 15]. Chipotle admits that "it had achieved its goals of moving to only non-GMO ingredients to make all of the food in its domestic restaurants." Answer ¶ 32. And, Defendant "denies that its conduct has been misleading or deceptive." *Id.* ¶ 44.

Plaintiffs' Requests go to Defendant's knowledge and seek the most rudimentary of information related to Chipotle's decision to market its food as non-GMO. Here, Defendant cannot seriously contend that these Requests – or Chipotle's internal communications – are irrelevant. Indeed, Plaintiffs claim that Defendant's campaign focused on commonly deceiving the public, and Plaintiffs should be able to discovery to what extent Defendant knew that its marketing would be misleading to reasonable consumers and how it developed a common plan to employ that marketing scheme that will assist the Court in determining the upcoming class certification motion. It is also imperative these documents be produced promptly so the Parties can proceed with depositions of Defendant's pertinent corporate representatives and witnesses. These documents are relevant and responsive to Plaintiffs' claims and, accordingly, should be produced. Fed. R. Civ. P. 26(b)(1).

While Defendant claims that such information is "confidential or proprietary," Plaintiffs find the objection unreasonable. There is a protective order entered by the Court, which governs the issue of confidential and/or proprietary documents. *See Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *9 (S.D. Fla. July 3, 2014) (overruling objections based on confidentiality where a protective order is in place). And, where Defendant claims the Requests are "vague and ambiguous," the Court should reject those objections as Defendant has failed to explain how the Requests are vague and ambiguous. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). In any case, there is nothing vague and ambiguous with these Requests.

And, to the extent Defendant argues that the claims deal with "consumer facing" marketing such that internal information is irrelevant, Plaintiffs note that "proof of scienter permits" a court to "treble the damages" under New York consumer protection law. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) (citing N.Y. Gen. Bus. Law § 349(h)). Similarly, Plaintiffs' misrepresentation claim may also require demonstration of Chipotle's knowledge. *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003). Accordingly, internal communications are relevant.

Plaintiffs' final compromise as to these Requests is what they had proposed to Defendant: Defendant should produce all documents, including internal communications, concerning its investigation or attempt to investigate the accuracy and/or truthfulness of its non-GMO claims and

all documents that support its statement that its Food Products are made with "only non-GMO ingredients." Plaintiff has also offered to meet and confer on an appropriately tailored ESI protocol for relevant custodians and search terms, but Chipotle has refused to negotiate at all.

Defendant's Position

Plaintiffs' RFP Nos. 17 and 18, as propounded, seek information that is markedly different from what Plaintiffs now contend is responsive.

Specifically, RFP No. 17 requests all documents concerning Chipotle's "investigation or attempt to investigate the accuracy and/or truthfulness of [its] Non-GMO Claims." RFP No. 18 requests all documents "supporting [Chipotle's] statement that [its] Food Products are made with 'only non-GMO ingredients.'" Plaintiffs did **not** request documents evidencing the "extent [Chipotle] knew that its marketing would be misleading to reasonable consumers and how it developed a common plan to employ that marketing scheme." Nonetheless, this is the information Plaintiffs insist they are entitled to. Chipotle is not required to intuit that Plaintiffs seek information other than that which is plainly requested.

As written, Plaintiffs' requests are improper. Chipotle has admitted that its meat and dairy products are derived from animals that may consume GMO feed, and that the soft drinks sold in Chipotle stores may contain GMO ingredients. As such, documents relating to attempts to investigate Chipotle's non-GMO claims are irrelevant. Plaintiffs' request for documents "supporting" Chipotle's non-GMO representations is an impermissible attempt to shift the burden of substantiation to Chipotle. Under California law, prosecuting authorities may demand substantiation of an entity's advertising claims. *See* Cal. Bus. & Prof. Code § 17508. However, it is well-settled that private plaintiffs may not. *See National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003). Moreover, internal communications that are not consumer-facing are also not relevant to Plaintiffs' claims. In false advertising cases such as this, it is the plaintiff's reliance on a representation—not the defendant's—that is material and necessary to establish the element of causation.

Finally, Plaintiffs' requests are vague and overbroad because they do not describe the category of items to be produced with reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (internal quotations omitted). Each request asks for "all documents," and then proceeds to delineate a number of discrete categories of information. Now, Plaintiffs further request "internal communications." For these reasons, RFP Nos. 17 and 18 are the type of "all-encompassing demands" that do not conform to the reasonable particularity requirement. *Id*.

Dated:  March 9, 2017

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Charles C. Cavanagh* | */s/ Laurence D. King* |
| Charles C. Cavanagh | Laurence D. King |
| **MESSNER REEVES LLP** | **KAPLAN FOX & KILSHEIMER LLP** |
| *Attorneys for Defendant* | *Attorney for Plaintiffs* |

# EXHIBIT A

MESSNER REEVES LLP
Charles C. Cavanagh (CA State Bar No. 198468)
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
Facsimile: (303) 623-0552
E-mail: ccavanagh@messner.com

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Sascha Henry (CA State Bar No. 191914)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
E-mail: shenry@sheppardmullin.com

Attorneys for Defendant
CHIPOTLE MEXICAN GRILL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SCHNEIDER, et al., individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation.<br><br>Defendant. | Case No. 16-CV-02200<br><br>**DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Haywood S. Gilliam Jr.<br>Ctrm: 10 (San Francisco Courthouse)<br><br>Action Filed: April 22, 2016<br>Trial Date: TBD |

PROPOUNDING PARTY:      MARTIN SCHNEIDER, et al.

RESPONDING PARTY:         CHIPOTLE MEXICAN GRILL, INC.

SET NUMBER:                          ONE

1

may have consumed GMO feed and soda that may contain GMO high-fructose corn syrup.  Where appropriate and practical, Chipotle limits its responses and document production to documents relating to its meat and dairy ingredients and those of the third-party soft drinks that it serves that are likely to contain GMO high-fructose corn syrup.

12. Chipotle objects to the definition of "You" and "Your" on the grounds that the definition is vague and overly-broad such that use of the term renders the Requests unduly burdensome and oppressive and not proportional to the needs of this case.  Chipotle also objects to the extent that the definition purports to expand the obligations to search for, locate, and produce documents beyond the obligations under the Federal Rules of Civil Procedure.  For example, the definition includes the term "Defendant," which incorporates the definition of "Chipotle," which is itself vague and overly-broad; the definition of "Chipotle" includes vague terms such as "predecessors" and "all joint ventures" as well as broad terms such as "agents," "other entities operated or controlled by Chipotle" and "present or former Employees" with "Employees" being a term with a similarly overbroad and vague definition.  In addition, the definition of "You" and "Your" confusingly includes vague terms such as "any agent," "custodian," "attorney," "representative" and "other person(s) purporting to act on behalf of Defendant."

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents produced by Chipotle in the lawsuit entitled *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-Civ-COOKE/TORRES (S.D. Fla.).

**RESPONSE:**  Chipotle objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses.  *See Bundy v. Multnomah Cnty.*, 2006 WL 2519596, at *3 (D. Or. Aug. 27, 2016).  Chipotle further objects to this Request to the extent that it calls for the

production of documents that are, or that contain information that is, subject to a protective order, confidential, or proprietary. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *Hawley v. Business Computer Training Inst., Inc.*, 2008 WL 2048329, at *2 (W.D. Wash. May 9, 2008). Chipotle further objects to this Request on the grounds that it is vague and ambiguous and does not adequately describe the documents requested. Subject to the foregoing objections and to the General Objections, Chipotle responds as follows: Chipotle produced with its Initial Disclosures responsive and relevant documents not subject to a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents produced by Chipotle in the lawsuit entitled *Pappas v. Chipotle MexicanGrill, Inc.*, No. 16-cv-612 MMA (JLB) (S.D. Cal.).

**RESPONSE:** Chipotle objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses. *See Bundy v. Multnomah Cnty.*, 2006 WL 2519596, at *3 (D. Or. Aug. 27, 2016). Chipotle further objects to this Request to the extent that it calls for the production of documents that are, or that contain information that is, subject to a protective order, confidential, or proprietary. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *Hawley v. Business Computer Training Inst., Inc.*, 2008 WL 2048329, at *2 (W.D. Wash. May 9, 2008). Chipotle further objects to this Request on the grounds that it is vague and ambiguous and does not adequately describe the documents requested. Subject to the foregoing objections and to the General Objections, Chipotle responds as follows: Chipotle produced with its Initial Disclosures responsive and relevant documents not subject to a protective order.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify the corporate organization of the Company.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning Your investigation or attempt to investigate the accuracy and/or truthfulness of Your Non-GMO Claims, including but not limited to any testing, inspections, audits, and/or meetings with any third-party entity.

**RESPONSE:** Chipotle objects to this Request on the grounds that it is vague and ambiguous and does not adequately describe the documents requested. Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses. Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses insofar as it requests the production of documents relating to the overbroadly-defined "Non-GMO Claims," but Plaintiffs' lawsuit relates only to Chipotle's meat and dairy ingredients and those of the third-party soft drinks that it serves that contain GMO high-fructose corn syrup. Chipotle further objects to this Request to the extent that it calls for the production of documents that are, or that contain information that is, confidential or proprietary.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents supporting Your statement that Your Food Products are made with "only non-GMO ingredients" including, but not limited to, testing, reports, recipes, and academic or scientific studies.

**RESPONSE:** Chipotle objects to this Request on the grounds that it is vague and ambiguous and does not adequately describe the documents requested. Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses. Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses

insofar as it requests the production of documents relating to all of the overbroadly-defined "Food Products," but Plaintiffs' lawsuit relates only to Chipotle's meat and dairy ingredients and those of the third-party soft drinks that it serves that contain GMO high-fructose corn syrup.  Chipotle further objects to this Request to the extent that it calls for the production of documents that are, or that contain information that is, confidential or proprietary.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to any communications between You and any regulatory, governmental, or industry group relating to Your Non-GMO Claims.

**RESPONSE:**  Chipotle objects to this Request on the grounds that it is vague and ambiguous and does not adequately describe the documents requested.  Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses.  Chipotle further objects to this Request on the grounds that it is overbroad and requests the production of documents that are not relevant to any party's claims or defenses insofar as it requests the production of documents relating to the overbroadly-defined "Non-GMO Claims," but Plaintiffs' lawsuit relates only to Chipotle's meat and dairy ingredients and those of the third-party soft drinks that it serves that contain GMO high-fructose corn syrup.  Chipotle further objects to this Request to the extent that it calls for the production of documents that are, or that contain information that is, confidential or proprietary.  Chipotle further objects to this Request to the extent that it calls for the production of documents that are, or that contain information that is, protected from production by the attorney-client communication privilege and/or the attorney work product doctrine.  Subject to the foregoing objections and to the General Objections, Chipotle responds as follows:  Chipotle is not presently aware of any responsive documents in its possession, custody, or control.

attorney work product doctrine, particularly insofar as it as it requests the production of documents relating to Affirmative Defenses Chipotle "intends" to assert. Subject to the foregoing objections, Chipotle responds as follows: Chipotle produced with its Initial Disclosures, and produces herewith, those documents that it presently believes support its Affirmative Defenses. After the Court enters a protective order that appropriately limits the control, use, and disposition of such documents, Chipotle will produce additional relevant, responsive documents.

Dated: January 31, 2017          MESSNER REEVES, LLP
                                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                          By    _____
                                 Charles C. Cavanagh
                                 Attorneys for Defendant
                                 Chipotle Mexican Grill, Inc.