Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*lfong@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

MARTIN SCHNEIDER, SARAH DEIGERT, THERESA GAMAGE, and NADIA PARIKKA, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

Defendant.

Case No. 4:16-cv-02200-HSG (KAW)

**CLASS ACTION**

**DECLARATION OF MARIO M. CHOI IN CONNECTION WITH PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Judge: Hon. Haywood S. Gilliam, Jr.

No Hearing Necessary

I, Mario M. Choi, declare as follows:

1. I am an attorney at Kaplan Fox & Kilsheimer LLP, counsel for plaintiffs Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka ("Plaintiffs"), in this class action against Defendant Chipotle Mexican Grill, Inc. ("Defendant" or "Chipotle").

2. I submit this declaration in connection with Plaintiffs' Administrate Motion to File Under Seal Portions of Plaintiffs' Motion for Class Certification (the "Motion"), pursuant to Civil Local Rules 7-11 and 79-5. I have personal knowledge of the facts stated in this Declaration and, if called a witness, I could and would testify competently to them.

3. The Motion and accompanying Declaration of Laurence D. King in Support of Plaintiffs' Motion for Class Certification, dated November 17, 2017, contain quotes and statements from documents, as well as exhibits, that have been marked either "Confidential" or "Highly Confidential" by Defendant pursuant to the Stipulated Protective Order entered by the Court in this matter on February 2, 2017 [ECF No. 50].

4. The following have been marked "Confidential" or "Highly Confidential" by Defendant:

| **Document** | **Portion Designated Confidential or Highly Confidential by Defendant** |
|---|---|
| Plaintiffs' Notice of Motion and Motion for Class Certification | 4:6, not including "by leading organizations such as the Non-GMO Project[5] and" ", whose information";<br><br>4:10, not including "its marketing. *See* Ex. 22 at CMG/7184-000027 (website); Ex. 23";<br><br>4:11, not including "Ex. 24" and "; Ex. 25";<br><br>4:21, not including "from animals that are **not** fed GMO grain. *See* Compl., ¶¶ 22, 23; Exs. 23-25; Ex. 26";<br><br>4:22, not including "Ex. 27 (FDA Guidance); *see also* Ex. 28 (Brau Dep.), at 84:17-23 (noting Chipotle's";<br><br>5:14, not including "000024 (website); Ex. 7-13 (consumer emails and responses); Ex. 29";<br><br>5:15, not including "6 Nonetheless ,Chipotle itself";<br><br>5:16, not including "intentionally adds to that confusion |

| | |
|---|---|
| | by”;<br><br>5:17;<br><br>5:18, not including “Ex. 32.”;<br><br>5:19, not including “Nonetheless, Chipotle”;<br><br>5:20, not including “in direct contradiction to its statement that all of its ingredients”;<br><br>6:10, not including “question”;<br><br>6:11, not including “Ex. 34, at CMG/7184-“;<br><br>6:12, not including “003795. The reason Chipotle asked this question was”;<br><br>6:13;<br><br>6:16, not including “announcement,’ Chipotle sought information”;<br><br>6:17, not including “Ex. 35; Chipotle Dep. at”;<br><br>6:18, not including “121:13-17, 126:1-127:21.”;<br><br>6:19;<br><br>6:20, not including “Ex. 35 at CMG/7184-001183; Chipotle Dep. at 138:24-139:10.”;<br><br>6:21;<br><br>6:22, not including “*See* Ex. 35 at CMG/7184-001186; Chipotle Dep. at 127:17-21.”;<br><br>6:25, not including “Brand Strategy, developed”;<br><br>6:26, not including “Chipotle”;<br><br>6:28-7:1;<br><br>7:4, not including “*Id.* And, when Chipotle asked consumers”;<br><br>7:5;<br><br>7:6, not including “Ex. 36 at CMG/7184-004141; Chipotle Dep. at 107:12-109:23 (clarifying the question at”;<br><br>7:10, not including “materially affected consumer interest in its restaurants. Specifically, Chipotle reviewed its”; |

| | |
|---|---|
| | 7:11, not including "Ex. 39 at CMG_7184-009603."<br><br>7:12, not including "And," and "*Id.* Indeed, Chipotle's";<br><br>7:13, not including "marketing" and "*id.* at CMG_7184-009605,";<br><br>7:14, not including "*Id.* at CMG_7184-009606. And, importantly, as";<br><br>7:15-7:16;<br><br>7:17, not including "*Id.* at CMG_7184-009612 (emphasis added)." |
| Declaration of Laurence D. King in Support of Plaintiffs' Motion for Class Certification | 2:28, not including "from Chipotle Support," dated April 7, 2016, concerning";<br><br>3:1, not including "produced by Chipotle in this litigation from Joshua Brau's custodial files, and";<br><br>3:5, not including "from "Chipotle Support," dated September 21, 2015, concerning";<br><br>3:6, not including "produced by Chipotle in this litigation from Joshua Brau's custodial files,";<br><br>3:10, not including "from "Chipotle Support," dated May 13, 2015, concerning";<br><br>3:20, not including "from "Chipotle Support," dated May 5, 2015, concerning";<br><br>3:21, not including "produced by Chipotle in this litigation from Joshua Brau's custodial files,";<br><br>3:25, not including "from "Chipotle Support," dated May 4, 2015, concerning";<br><br>3:26, not including "produced by Chipotle in this litigation from";<br><br>4:3, not including "from "Chipotle Support," dated April 27, 2015, concerning" and "produced by";<br><br>5:1, not including "24. Attached hereto as Exhibit 23 is a true and correct copy of the";<br><br>5:2, not including "produced by Chipotle in this";<br><br>5:6, not including "25. Attached hereto as Exhibit 24 is a |

| | |
|---|---|
| | true and correct copy of the”;<br><br>5:7, not including “produced by Chipotle in this litigation from Joshua Brau’s custodial files,”;<br><br>5:11, not including “Brau to” and “dated February 10, 2015, with the subject line”;<br><br>5:12, not including “with an attachment entitled”;<br><br>5:13, not including “produced by Chipotle in this litigation from Joshua”;<br><br>5:18, not including “Brau to” and “dated”;<br><br>5:19, not including “November 11, 2014, with the subject line” and “produced by”;<br><br>6:3, not including “Brau to”, “dated March 13, 2015, with the subject line”, and “produced”;<br><br>6:14, not including “Brau to” and “dated April 10, 2015, with the subject line”;<br><br>6:15, not including “produced by Chipotle in this litigation from Joshua”;<br><br>6:19, not including “34. Attached hereto as Exhibit 33 is a true and correct copy of an email from”;<br><br>6:20, not including “to Joshua Brau, dated April 30, 2015, with the subject line”;<br><br>6:21, not including “produced by Chipotle in this litigation from Joshua Brau’s custodial files, and”;<br><br>7:5, not including “document entitled” and “dated July 10, 2015, produced by Chipotle”;<br><br>7:10, not including “document entitled” and “dated October 13, 2015, produced by”;<br><br>7:15, not including “document entitled” and “dated January 12, 2016, produced by”;<br><br>7:20, not including “first of which is from”, “to”, and “Joshua Brau”;<br><br>7:21, not including “dated June 22, 2015, with the subject line” and “produced by”;<br><br>7:25, not including “41. Attached hereto as Exhibit 40 is a true and correct copy of an email from”; |

| | |
|---|---|
| | 7:26, not including "to" and "and Joshua Brau, dated September 29, 2014, with the";<br><br>7:27, not including "subject line" and "produced by Chipotle in this litigation from Joshua Brau's"; |
| Exhibit 4: Videotape Rule 30(b)(6) Deposition of: Ryan Murrin – May 26, 2017, Chipotle Mexican Grill, Inc. | 86:7-87:2;<br><br>87:23-88:25;<br><br>99:16-104:2;<br><br>106:22-108:9;<br><br>109:17-22;<br><br>110:12-25;<br><br>112:9-23;<br><br>122:5-12;<br><br>122:17-124:4;<br><br>124:16-22;<br><br>125:1-127:21 |
| Exhibit 7: CMG_7184-008794-95 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 8: CMG_7184-008781 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 9: CMG_7184-008707 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 10: CMG_7184-008712-13 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 11: CMG_7184-008699 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 12: CMG_7184-008692-93 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 13: CMG_7184-008605 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 23: CMG_7184-007707-43 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 24: CMG_7184-006439-40 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 25: CMG_7184-009736-44 | Entire exhibit marked "highly confidential" by Defendant |

| | |
|---|---|
| Exhibit 26: CMG_7184-009702 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 29: CMG_7184-024070 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 32: CMG_7184-023599-601 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 33: CMG_7184-011833-34 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 34: CMG_7184-003790-95 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 35: CMG_7184-001181-87 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 36: CMG/7184-004095-141 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 37: CMG/7184-002484-561 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 38: CMG/7184-002410-483 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 39: CMG/7184-009603-613 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 40: CMG_7184-0097803-04 | Entire exhibit marked "highly confidential" by Defendant |
| Exhibit 41: Report of Dr. Jon A. Krosnick, dated August 11, 2017 | p. 40: ¶ 10 lines 6, not including "together, and computed the average of them.4";<br><br>p.40: ¶ 10 lines 7-8;<br><br>p.40: ¶ 10 line 9, not including "The average ($8.15) was then rounded to the nearest half";<br><br>p. 40: n. 4, line 1, not including "The product pricing in CMG/7184 – 004261-4386 did not include";<br><br>p. 40: n. 4, line 2, not including "Thus, the costs;<br><br>p. 40: n. 4, line 3, not including "on April 11, 2017 did not influence the set of purchase prices used in the survey." |
| Exhibit 42: Declaration of Colin B. Weir, dated August 11, 2017 | p. 4: ¶ 9, line 2, not including "key part of the Chipotle marketing program. One document highlights Chipotle's";<br><br>p. 4: ¶ 9, lines 3-5; |

| | |
|---|---|
| | p. 4: ¶ 9, line 5, not including "5 NPR covered these events:";<br><br>p. 5: ¶. 10, line 1, not including "Another internal marketing document highlights Chipotle's efforts to";<br><br>p. 5: ¶ 10, lines 2-9;<br><br>p. 5: ¶ 10, line 10, not including "7";<br><br>p. 5: ¶ 11, line 1, not including "This same document specifically highlights";<br><br>p. 5: ¶ 11, lines 2-11;<br><br>p. 5: ¶ 11, line 12, not including "8";<br><br>p. 6: ¶ 12, line 1, not including "The same document highlights Chipotle's efforts to";<br><br>p. 6: ¶ 12, line 2, not including "9";<br><br>p. 6: ¶ 13, line 1, not including "A Chipotle brand tracking study performed on behalf of Chipotle finds that";<br><br>p. 6: ¶ 13, lines 2-3;<br><br>p. 6: ¶ 13, line 4, not including "The study finds that many respondents rank";<br><br>p. 6: ¶ 13, line 5;<br><br>p. 6: ¶ 13, line 6, not including "10";<br><br>p. 6: ¶ 14, line 1, not including "A follow up Chipotle brand tracking study identifies that";<br><br>p. 6: ¶ 14, line 2, not including "11";<br><br>p. 6: n. 10, 11<br><br>p. 12: Table 1: Dollar Sales<br><br>p. 13: Table 2: Dollar Sales and Price Premium Damages; source<br><br>p. 14: ¶ 42, line 1, not including "Using Defendants' sales records, I have determined that approximately";<br><br>p. 14: Table 3, Number of Units and Total Statutory Damages |

5. Plaintiffs take no position on whether the information should be sealed and/or redacted.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 17th day of November, 2017, in San Francisco, California.

*/s/ Mario M. Choi*
Mario M. Choi