1  Laurence D. King (SBN 206423)
   Linda M. Fong (SBN 124232)
2  Matthew B. George (SBN 239322)
   Mario M. Choi (SBN 243409)
3  **KAPLAN FOX & KILSHEIMER LLP**
   350 Sansome Street, Suite 400
4  San Francisco, CA 94104
   Telephone:  415-772-4700
5  Facsimile:  415-772-4707
   *lking@kaplanfox.com*
6  *lfong@kaplanfox.com*
   *mgeorge@kaplanfox.com*
7  *mchoi@kaplanfox.com*

8  Frederic S. Fox (*pro hac vice*)
   Donald R. Hall (*pro hac vice*)
9  **KAPLAN FOX & KILSHEIMER LLP**
   850 Third Avenue, 14th Floor
10 New York, NY 10022
   Telephone:  212-687-1980
11 Facsimile:  212-687-7714
   *ffox@kaplanfox.com*
12 *dhall@kaplanfox.com*

13 *Attorneys for Plaintiffs*

14

15                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
16                          **OAKLAND DIVISION**

17
   MARTIN SCHNEIDER, SARAH            Case No. 4:16-cv-02200-HSG (KAW)
18 DEIGERT, LAURIE REESE, THERESA
   GAMAGE, TIFFANIE ZANGWILL, and     **CLASS ACTION**
19 NADIA PARIKKA, Individually and on
   Behalf of All Others Similarly Situated,   **MOTION PURSUANT TO CIVIL**
20                                        **LOCAL RULES 6-3 AND 16-2 TO**
                          Plaintiffs,   **EXTEND DEADLINES AND HEARING**
21                                        **DATE**
          v.
22                                        Judge: Hon. Haywood S. Gilliam, Jr.
   CHIPOTLE MEXICAN GRILL, INC., a     Ctrm: 2, 4th Floor
23 Delaware Corporation,               Date: n/a
                                        Time: n/a
24                        Defendant.

25

26

27

28

Pursuant to Civil Local Rules 6-3, 16-2, and this Court's Standing Order for Civil Cases, Plaintiffs Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka ("Plaintiffs") respectfully request that the Court move the hearing date on Plaintiffs' motion for class certification and Defendant Chipotle Mexican Grill, Inc.'s ("Defendant") motion for summary judgment, currently scheduled for February 8, 2018.  Plaintiffs also seek to reset and set a schedule concerning various motions to exclude, including the two motions Defendant has filed [ECF Nos. 100, 101].  Though Plaintiffs' counsel sought Defendant's concurrence to stipulate to a request, Defendant has refused to stipulate to the change.  *See* Declaration of Laurence D. King in Support of Plaintiffs' Motion Pursuant to Civil Local Rules 6-3and 16-2 to Extend Deadlines and Hearing Date, dated December 29, 2017 ("King Declaration"), ¶¶ 6-7.

## I.      PROCEDURAL HISTORY, SCHEDULING, AND PRIOR EXTENSIONS

The Court entered a Revised Joint Proposed Partial Pretrial Schedule and Order on December 15, 2016 [ECF No. 48].  On July 21, 2017, Plaintiffs filed a motion to extend discovery deadlines to complete discovery, which the Court granted the same day [ECF Nos. 68, 69].

Due to certain outstanding discovery issues, on September 28, 2017, the parties sought leave to extend the class certification and summary judgment briefing and hearing schedule [ECF No. 83].  The Court, in its order dated October 2, 2017, granted the request (the "October 2 Order") [ECF No. 84], ordering opening briefs on the motions for class certification and for summary judgment to be filed no later than November 17, 2017, oppositions to be filed no later than December 22, 2017, and replies to be filed no later than January 19, 2017.  *Id.*  The Court is currently scheduled to hear the motions on class certification and summary judgment on February 8, 2018.[1]  *Id.*

---

[1] Plaintiffs' unopposed motion for reconsideration [ECF No. 87] is also scheduled to be heard on February 8, 2018, which was the next available law and motion hearing date open *at the time* Plaintiffs filed their motion.  Defendant had requested a modification to the schedule due to Plaintiffs' motion [ECF No. 88], and, during the November 15, 2017 telephone conference with the Court, indicated that it intended to oppose the motion.  Finding no prejudice or harm, however, the Court denied Defendant's motion [ECF No. 90].  And, Defendant did not file an opposition to Plaintiffs' motion or a statement of non-opposition, as required under Civil Local Rule 7-3(b).

1   The parties filed their opening briefs on the motions for class certification and summary

2   judgment on November 17, 2017 [ECF Nos. 92, 95], and also filed their oppositions on December

3   22, 2017 [ECF Nos. 102, 104].  Pursuant to the October 2 Order, the parties are on track to file

4   their replies in further support of their respective motions on January 19, 2018.  Plaintiffs do not

5   seek to move the date for replies to the motions for class certification and summary judgment.

6   King Decl. ¶ 12.

7   Plaintiffs, in connection with their motion for class certification, filed reports of their two

8   experts [ECF Nos. 95-42, 43].  With its opposition to the motion for class certification, Defendant

9   not only introduced the reports from its own experts [ECF Nos. 102-27, 28], but also filed motions

10  to exclude Plaintiffs' experts [ECF Nos. 100, 101].  Even though Defendant could have informed

11  the Court and Plaintiffs about its intention to file the motions to exclude during the November 15

12  call with the Court as part of its request to modify deadlines, it chose not to.  And although the

13  Court's Scheduling Notes indicate that the next available law and motion date is not until March

14  22, 2018, Defendant set their motions to also be heard on February 8, 2018.  King Decl., ¶ 4.  As

15  currently scheduled, oppositions to Defendants' motions to exclude are due January 5, 2018, and

16  replies due January 12, 2018 [ECF Nos. 100, 101], placing Plaintiffs in the difficult position of

17  having to draft two lengthy opposition briefs over the holidays.

18  Given the holidays and Plaintiffs' intention to file motions to exclude Defendant's experts

19  with their class certification reply, Plaintiffs' counsel left a voicemail and a follow-up email

20  seeking Defendant's agreement to request moving the motions hearing date and to set a briefing

21  schedule on the various motions to exclude.  King Decl. ¶ 6.  Plaintiffs believe that, given the

22  interrelated nature of the motions, and in order to conserve judicial and party resources, the Court

23  should hear all the motions at one time.  *Id.*  However, instead of returning counsel's call to confer

24  on the request, Defendant refused in an email, stating that Plaintiffs could have filed their motions

25  to exclude in connection with their motion for class certification and/or opposition to summary

26  judgment – even though Defendant had not placed into evidence its own experts' reports until

27  December 22 with its opposition to class certification.  *Id.* ¶ 7.

28

2

1

## II.   GOOD CAUSE EXISTS TO MOVE THE HEARING DATE AND TO SET A BRIEFING SCHEDULE ON THE MOTIONS TO EXCLUDE; PLAINTIFFS WOULD BE SUBSTANTIALLY HARMED IF THE SCHEDULE IS NOT MOVED

2

3      Rule 16 of the Federal Rules of Civil Procedure provides that deadlines established in a

4   case management order may "be modified only for good cause."  "Good cause" exists when a

5   deadline "cannot reasonably be met despite the diligence of the party seeking the extension."

6   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).  Civil

7   Local Rule 6-3(a)(3) requires demonstration of substantial harm or prejudice that would occur if

8   the Court did not change time.

9      Here, good cause exists to move the current hearing date on the motions for class

10   certification and summary judgment.  Because Defendant has introduced its own experts in

11   opposition to Plaintiffs' motion for class certification, Plaintiffs intend to move to exclude them.

12   However, per the Court's Scheduling Notes, the next available law and motion date is not until

13   March 22, 2018.  While Plaintiffs could, in potentially violating the Court's Scheduling Notes, seek

14   to set the hearing date for their motions to exclude also for February 8,[2] because Civil Local Rule

15   7-2 requires notice of a motion be made not less than 35 days prior to the hearing, Plaintiffs would

16   have to essentially file their opening papers no later than January 4, 2018.  Given the year-end

17   holidays and that oppositions to Defendant's motions to exclude are currently set to be due January

18   5, Plaintiffs will not be able to, even with extreme diligence, file their motions to exclude by

19   January 4.

20      In addition, without moving the hearing date and setting a reasonable briefing schedule due

21   to the holidays, Plaintiffs would be substantially harmed.  Defendant has sought to exclude

22   Plaintiffs' experts whose testimony and opinions are important to Plaintiffs' motion for class

23   certification and in opposition to Defendant's motion for class certification.  But, contrary to the

24   Court's Scheduling Notes, Defendant set the hearing date of its motions for the same day as the

25   hearing on the motions for class certification and summary judgment, placing the Court and

26   _____

27   [2] This appears to be precisely what Defendant has done with respect to their motions to exclude.

28

1   Plaintiffs in the position of having to review and prepare for additional motion practice outside

2   what has already been scheduled.  Importantly, Defendant has refused – over email and without

3   any effort at conferring – to accommodate Plaintiffs with a more reasonable schedule that would

4   take into consideration the holidays, and instead filed their motions the day before two holiday

5   weekends and giving Plaintiffs until January 5, 2018 to oppose some 40 pages of motion practice.

6        Finally, because the various motions to exclude will bear directly on class certification and

7   summary judgment, good cause exists such that the Court should hear all the motions together.

8   Hearing the interrelated motions at one time would save the parties and the Court valuable

9   resources.  While the requested time modification would move the hearing to the next available law

10  and motion date (March 22), there would be no other effect on the case schedule because the Court

11  has not entered any pretrial or trial schedule.

12  **III.     REQUESTED HEARING DATE AND BRIEFING SCHEDULE**

13       Plaintiffs only seek to move the hearing date on the motions for class certification and for

14  summary judgment, and to set a more reasonable briefing schedule for the motions to exclude.

15  Plaintiffs seek the following:

| ACTION/EVENT | Current Date | Requested Date |
|---|---|---|
| Plaintiffs to file oppositions to Defendant's motions to exclude | January 5, 2018 | January 19, 2018 |
| Parties to file reply to motions for class certification class and/or summary judgment | January 19, 2018 | January 19, 2018 (no change) |
| Plaintiffs to file any motions to exclude | n/a | January 19, 2018 |
| Defendant to file replies in further support of Defendant's motions to exclude | January 12, 2018 | February 2, 2018 |
| Defendant to file oppositions to Plaintiffs' motions to exclude | n/a | February 16, 2018 |
| Plaintiffs to file replies in further support of Plaintiffs' motions to exclude | n/a | March 2, 2018 |
| Hearing on motion for class certification and summary judgement | February 8, 2018 2:00 p.m. | March 22, 2018 2:00 p.m. (or next available hearing date) |

4

**IV.     CONCLUSION**

While Plaintiffs would rather the motions for class certification and summary judgment be heard on February 8, good cause exists to move the hearing date.  Moreover, Plaintiffs would be substantially harmed should the current deadlines remain.  Plaintiffs seek a limited change, but Defendant has refused.  For these reasons, Plaintiffs respectfully request that the Court grant their motion to move the hearing date on the motions for class certification and summary judgment, and to set a briefing schedule for the motions to exclude.

                                            Respectfully submitted,

DATED: December 29, 2017          By:    /s/ Laurence D. King
                                            Laurence D. King
                                            Linda M. Fong
                                            Matthew B. George
                                            Mario M. Choi
                                            **KAPLAN FOX & KILSHEIMER LLP**
                                            350 Sansome Street, Suite 400
                                            San Francisco, CA 94104
                                            Telephone:  415-772-4700
                                            Facsimile:   415-772-4707

                                            Frederic S. Fox (*pro hac vice*)
                                            Donald R. Hall (*pro hac vice*)
                                            **KAPLAN FOX & KILSHEIMER LLP**
                                            850 Third Avenue, 14th Floor
                                            New York, NY 10022
                                            Telephone:  212-687-1980
                                            Facsimile:   212-687-7714

                                            *Attorneys for Plaintiffs*