# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SCHNEIDER, et al., <br>     Plaintiffs, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., <br>     Defendant. | Case No. 16-cv-02200-HSG <br><br> **ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 71 |

Pending before the Court is Plaitniffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion for Relief"). Having carefully considered each of the requested redactions, the Court **GRANTS** the administrative motion to file under seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of

records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

Here, the Court applies the "good cause" standard because the documents at issue, related to Plaintiffs' motion for relief from the magistrate judge's discovery order, are only tangentially related to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

Plaintiffs seek to seal (1) portions of the Motion for Relief, (2) portions of Plaintiff Schneider's deposition transcript, attached as Exhibit 3 to the Declaration of Matthew B. George, and (3) portions of the Declaration of Sandra Coller. Plaintiffs contend that portions of these documents contain Plaintiff Schneider and Ms. Coller's sensitive and protected health information. The Court agrees, and finds that the designated portions Plaintiffs' motion, exhibits, and

2

declaration satisfy the standard because portions of those documents describe sensitive health information. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *6 (N.D. Cal. Mar. 4, 2015); *Webb v. Healthcare Revenue Recovery Grp., LLC*, No. 13-CV-00737-JD, 2014 WL 12642192, at *3 (N.D. Cal. Sept. 22, 2014); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015). The Court also finds the requested redactions to be sufficiently narrowly tailored to protect both the parties' interests and the public interest in access.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to seal. Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motion is granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motion.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3