UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SCHNEIDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | Case No. 16-cv-02200-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 91, 94, 98, 103 |

Pending before the Court are the parties' administrative motions to seal various documents pursuant to Civil Local Rule 79-5. Dkt. Nos. 91, 94, 98, and 103.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

1    promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179
2    (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the
3    production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
4    litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.    DISCUSSION**

The various documents and portions of documents the parties seek to seal are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The parties have provided a compelling interest in sealing portions of the various documents listed below because they contain confidential business and financial information relating to the operations of Defendant. *See Apple Inc. v. Samsung Elecs.*

2

*Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal). The parties have identified portions of the unredacted versions of briefs and exhibits as containing confidential business information; the Court finds sufficiently compelling reasons to grant the motions to file the below-indicated portions under seal.

For other documents listed below, the parties have failed to narrowly tailor the redactions to Defendant's confidential business information.[1]

The parties request the following portions of the various documents be sealed:

| Docket Number Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| **Entire document sealed** /(91-2) | MSJ, Murrin Decl. Ex. B (pricing information) | Entire document | GRANTED |
| **Entire document sealed**/(91-3) | MSJ, Murrin Decl. Ex. C (pricing information) | Entire document | GRANTED |
| **Entire document sealed** /(91-4) | MSJ, Murrin Decl. Ex. D (pricing information) | Entire document | GRANTED |
| **No Public Version Filed**/(94-4) | Plaintiffs' Motion for Class Certification | 5:18, not including "Ex. 32."; 6:10, not including "question"; 6:11, not including "Ex. 34, at CMG/7184-"; 6:12, not including "003795. The reason Chipotle asked this question was"; 6:13; 6:16, not including "announcement,' Chipotle sought information"; 6:17, not including "Ex. 35; Chipotle Dep. at"; 6:18, not including "121:13-17, 126:1-127:21."; 6:19; 6:20, not including "Ex. | GRANTED |

---

[1] A number of Plaintiffs' proposed redactions indicate contingency upon Chipotle filing a declaration in support of those portions sought to be redacted. As evidenced in the chart, the Court DENIES the sealing of documents relating to Chipotle CBI for which neither party has provided support.

3

| | | | |
|---|---|---|---|
| | | 35 at CMG/7184-001183; Chipotle Dep. at 138:24-139:10."; 6:21; 6:22, not including "See Ex. 35 at CMG/7184-001186; Chipotle Dep. at 127:17-21."; 6:25, not including "Brand Strategy, developed"; 6:26, not including "Chipotle"; 6:28-7:1; 7:4, not including "Id. And, when Chipotle asked consumers"; 7:5; 7:6, not including "Ex. 36 at CMG/7184-004141; Chipotle Dep. at 107:12-109:23 (clarifying the question at"; 7:10, not including "materially affected consumer interest in its restaurants. Specifically, Chipotle reviewed its"; 7:11, not including "Ex. 39 at CMG_7184-009603." 7:12, not including "And," and "Id. Indeed, Chipotle's"; 7:13, not including "marketing" and "id. at CMG_7184- 009605,"; 7:14, not including "Id. at CMG_7184-009606. And, importantly, as"; 7:15-7:16; 7:17, not including "Id. at CMG_7184-009612 (emphasis added)." | |
| **No Public Version Filed**/(94-6) | Declaration of Laurence D. King in Support of Plaintiffs' Motion for Class Certificaiton | 7:5, not including "document entitled" and "dated July 10, 2015, produced by Chipotle"; 7:10, not including "document entitled" and "dated October 13, 2015, produced by"; 7:15, not including "document entitled" and "dated January 12, 2016, produced by"; 7:20, not including "first of which is from", "to", and "Joshua Brau"; 7:21, not including "dated June 22, 2015, with the subject line" and "produced by" | GRANTED |
| 94-7/(94-8) | Exhibit 4, Excerpts from Murrin Depo. | 86:7-87:2; 87:23-88:25; 99:16-104:2; 106:22-108:9; 109:17-22; 110:12-25; 112:9-23; 122:5- | GRANTED |

| | | 12; 122:17-124:4; 124:16-22; 125:1-127:21 | |
|---|---|---|---|
| **No Public Version Filed**/(94-10) | Ex. 7, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-12) | Ex. 8, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-14) | Ex. 9, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-16) | Ex. 10, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-18) | Ex. 11, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-20) | Ex. 12, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-22) | Ex. 13, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-24) | Ex. 23, Non-GMO Project Standard | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-26) | Ex. 24, GMO FAQs | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-28) | Ex. 25, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-30) | Ex. 26, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-32) | Ex. 29, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-34) | Ex. 32, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-36) | Ex. 33, Email | Entire document | DENIED (no supporting declaration) |
| **Entire document sealed**/(94-38) | Ex. 34, Survey | Entire document | GRANTED |
| **Entire document sealed**/(94-40) | Ex. 35, Survey | Entire document | GRANTED |

| | | | |
|---|---|---|---|
| **Entire document sealed**/(94-42) | Ex. 36, Brand tracking slide deck | Entire document | GRANTED |
| **Entire document sealed**/(94-44) | Ex. 37, Brand tracking slide deck | Entire document | GRANTED |
| **Entire document sealed**/(94-46) | Ex. 39, Email | Entire document | GRANTED |
| **No Public Version Filed**/(94-50) | Ex. 40, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-52) | Ex. 41 Krosnick Rpt. | p. 40: ¶ 10 lines 6, not including "together, and computed the average of them.4"; p.40: ¶ 10 lines 7-8; p.40: ¶ 10 line 9, not including "The average ($8.15) was then rounded to the nearest half"; p. 40: n. 4, line 1, not including "The product pricing in CMG/7184 – 004261-4386 did not include"; p. 40: n. 4, line 2, not including "Thus, the costs; p. 40: n. 4, line 3, not including "on April 11, 2017 did not influence the set of purchase prices used in the survey." | DENIED (no supporting declaration) |
| **No Public Version Filed**/(94-54) | Ex. 42 Weir Decl. | p. 5: ¶. 10, line 1, not including "Another internal marketing document highlights Chipotle's efforts to"; p. 5: ¶ 10, lines 2-9; p. 5: ¶ 10, line 10, not including "7"; p. 5: ¶ 11, line 1, not including "This same document specifically highlights"; p. 5: ¶ 11, lines 2-11; p. 5: ¶ 11, line 12, not including "8"; p. 6: ¶ 12, line 1, not including "The same document highlights Chipotle's efforts to"; p. 6: ¶ 12, line 2, not including "9"; p. 6: ¶ 13, line 1, not including "A Chipotle brand tracking study performed on behalf of Chipotle finds that"; p. 6: ¶ 13, lines 2-3; p. 6: ¶ 13, line 4, not including "The study finds that many respondents rank"; p. 6: ¶ 13, line 5; p. 6: ¶ 13, line 6, not including "10"; p. 6: ¶ 14, line 1, not including "A | GRANTED |

| | | | |
|---|---|---|---|
| | | follow up Chipotle brand tracking study identifies that"; p. 6: ¶ 14, line 2, not including "11"; p. 6: n. 10, 11 p. 12: Table 1: Dollar Sales p. 13: Table 2: Dollar Sales and Price Premium Damages; source p. 14: ¶ 42, line 1, not including "Using Defendants' sales records, I have determined that approximately"; p. 14: Table 3, Number of Units and Total Statutory Damages | |
| **Entire document sealed**/(98-2) | Ex. A, Opposition to Mot. for Class Cert Ex. U (pricing info) | Entire document | GRANTED |
| **Entire document sealed**/(98-3) | Ex. B, Opposition to Mot. for Class Cert Ex. V (marketing plan) | Entire document | GRANTED |
| **Entire document sealed**/(98-4) | Ex. C, Opposition to Mot. for Class Cert Ex. BB (Murrin Decl. and pricing exhibits) | Entire document | GRANTED |
| **No Public Version Filed**/(103-4) | Opposition to Defendant's Mot. for Summary Judgment | 4:11, not including "2014 document entitled"; 4:12, not including "SJ"; 4:13, not including "Ex. 1 at CMG_7184-006412-13.2 In a February 3, 2014 version of a document"; 4:14-16; 4:17, not including "See SJ Ex."; 4:18, not including "2 at CMG_7184-007577-78. Thus,"; 4:19; | GRANTED |
| **No Public Version Filed**/(103-6) | King Decl. | 2:8, not including "dated January 3, 2014, produced by Chipotle in this litigation"; 2:13, not including "dated February 3, 2014, produced by Chipotle in this litigation"; 2:17, not including "4. Attached hereto as Exhibit 3 is a true and correct copy of an email entitled"; 2:18, not including "dated June 3, 2014, from Chipotle Support to Joshua Brau,"; 2:22, not including "5. Attached hereto as Exhibit 4 is | DENIED (no supporting declaration) |

7

| | | a true and correct copy of an email entitled"; 2:23, not including "dated February 3, 2014," | |
|---|---|---|---|
| **Entire document sealed**/(103-8) | Ex. 1, Chipotle GMO talking points | Entire document | GRANTED |
| **Entire document sealed**/(103-10) | Ex. 2, Chipotle's stance on GMOs | Entire document | GRANTED |
| **No Public Version Filed**/(103-12) | Ex. 3, Email | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(103-14) | Ex. 4, Email | Entire document | DENIED (no supporting declaration) |

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 94 and 103, and **GRANTS** Dkt. Nos. 91 and 98. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied and/or for which no public version has been filed, as indicated in the chart above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 9/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge