UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SCHNEIDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., <br><br> Defendant. | Case No. 16-cv-02200-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY CLASS DEFINITIONS** <br><br> Re: Dkt. No. 159 |

**I.  BACKGROUND**

On September 29, 2018, the Court certified the following classes:

> California: All persons in California who purchased Chipotle's Food Products containing meat and/or dairy ingredients during the Class Period.
>
> Maryland: All persons in Maryland who purchased Chipotle's Food Products containing meat and/or dairy ingredients during the Class Period.
>
> New York: All persons in New York who purchased Chipotle's Food Products containing meat and/or dairy ingredients during the Class Period.

Dkt. No. 136 at 30. On January 9, 2019, Plaintiffs filed an administrative motion to approve their class notice plan. Dkt. No. 150. The proposed notices attached to Plaintiffs' administrative motion included the following under the heading "What Is This Case About?":

> The lawsuit claims that Chipotle's 'non-GMO' advertising located in its restaurants is misleading and deceptive.

Dkt. No. 150-1, Ex. 2. Defendant opposed the administrative motion, asserting that "it would be inaccurate for the Court to notify members of the certified classes that 'the class claims, issues, or defenses' in this case (Fed. R. Civ. Proc. 23(c)(2)(B)(iii)) are limited to the 'non-GMO' advertising located *in Chipotle's restaurants*." Dkt. No. 151 at 2 (emphasis added). Defendant

additionally objected on the basis that the notice plan excluded from the certified classes:

> (1) any Judge or Magistrate presiding over this action and members of their families; (2) Chipotle, Chipotle's subsidiaries, parents, successors, predecessors, and any entity in which Chipotle has a controlling interest, and its current or former employees, officers, and directors; (3) counsel for Plaintiffs and Chipotle; and (4) legal representatives, successors, or assigns of any such excluded persons.

*Id.* The Court held a hearing on January 24, 2019 to discuss Defendant's objections to the proposed notice plan, and set a briefing schedule regarding the currently-pending motion to modify class definitions. Dkt. No. 160.

## II. DISCUSSION

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[D]istrict courts have broad discretion to modify class definitions." *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) (quoting *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007), and collecting cases).

Plaintiffs request that the Court modify the class definitions and certify the following classes:

> California: All persons in California who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.
>
> Maryland: All persons in Maryland who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.
>
> New York: All persons in New York who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.

Dkt. No. 159 at 6.[1]

---

[1] Plaintiffs additionally request the following language be added to the class definitions: "Excluded from the California, Maryland, and New York Classes are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Chipotle, Chipotle's subsidiaries, parents, successors, predecessors, and any entity in which Chipotle has a controlling interest, and its current or former employees, officers, and directors; (3) counsel for Plaintiffs and Chipotle; and (4) legal representatives successors, or assigns of any such persons." Dkt. No. 159 at 6. This language tracks the class notice exclusions to which Defendant originally objected. *See* Dkt. No. 151 at 2. At the January 24 hearing, the Court directed Defendant to file a letter brief on or before

2

1    Defendant contends that the proposed modifications would "render the modified

2    definitions both over- and under- inclusive" by including individuals who were not misled by the

3    "non-GMO" signage, and by failing to include class members who have been exposed to alleged

4    misrepresentations outside Chipotle restaurants. Dkt. No. 163 at 5–6.

5    In its order granting class certification, the Court noted that "Plaintiffs currently identify

6    representations on three in-store signs displayed during the class period, which state, respectively,

7    (1) '[w]hen it comes to our food, genetically modified ingredients don't make the cut,' Dkt. No.

8    92-34; (2) 'all of our food is non-GMO,' Dkt. No. 92-21, and; (3) 'only non-GMO ingredients,'

9    Dkt. No. 92-35." Dkt. No. 136 at 2. The Court also noted that "[n]either party has offered any

10   evidence or argument that members of the proposed classes could have purchased Chipotle meat

11   and/or dairy products without setting foot inside the restaurants, and therefore without having been

12   exposed to any of this signage." *Id.* at 24–25.

13   The Court is not persuaded by Defendant's contention that the proposed modifications

14   meaningfully alter the scope of the previously certified classes. Based on the parties' submissions

15   to the Court thus far, any individual who purchased Chipotle's products during the class period

16   necessarily did so in a Chipotle restaurant, and was therefore exposed to at least one of the three

17   in-store signs Plaintiffs allege to be misleading. Neither party has proffered a scenario in which a

18   class member who did not set foot in a Chipotle restaurant would have both: (1) been exposed to

19   any of the statements at issue, and (2) subsequently purchased a Chipotle product during the class

20   period.

21   As for Defendant's argument that the proposed modification improperly includes

22   individuals who were exposed to the alleged misrepresentations but were not misled because they

23   were "aware of the alleged deception," the Court finds that the proposed modification does not

---

January 31 alleging improper modification of the class based on the exclusions described in the proposed notice plan. Dkt. No. 160. Defendant filed no such brief and makes no argument concerning this language in its opposition to the currently-pending motion. The Court deems any opposition to the listing of these exclusions in Plaintiffs' proposed notice to be waived. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011). The Court also finds the exclusions unnecessary in the class definition, and because Defendant has provided no authority requiring their explicit inclusion, the Court DENIES Plaintiff's request to include this language in the modified class definition.

3

include any potential class members that were not included in the classes previously certified. The Court has already addressed Defendant's argument regarding disclaimers in its September 29, 2018 order and will not do so again here. *See* Dkt. No. 136 at 10–11.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' motion to modify the class definitions. The Court hereby modifies the classes previously certified, and certifies the following classes:

> California: All persons in California who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.
>
> Maryland: All persons in Maryland who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.
>
> New York: All persons in New York who purchased Chipotle's Food Products containing meat and/or dairy ingredients in its restaurants during the Class Period.

**IT IS SO ORDERED.**

Dated: 2/12/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge