# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement" or the "Agreement") is made and entered into by and between Plaintiffs Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives"), on the one hand, and Defendant Chipotle Mexican Grill Inc. ("Chipotle" or "Defendant"), on the other hand, in the action entitled *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG in the United States District Court for the Northern District of California (the "Court").

## I.    DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.     "Action" means *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (U.S.D.C. N.D. Cal.).

B.     "Administration Fund" means a fund consisting of $400,000 that Defendant will pay or cause to be paid to the Class Action Settlement Administrator within fourteen (14) calendar days of Preliminary Approval.

C.     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

D.      "Class Counsel" means Kaplan Fox & Kilsheimer LLP and Kobre & Kim LLP.

E.     "Class Period" means April 27, 2015 through June 30, 2016, inclusive.

F.     "Claim(s)" or "Claim Form(s)" means the claim form submitted by a Settlement Class Member, in the form attached hereto as "**Exhibit C**", to receive a Settlement Award pursuant to Section III.E. To be valid, a Settlement Class Member must attest on the Claim Form under penalty of perjury that the Settlement Class Member purchased Food Products from Chipotle during the Class Period, elect a method for payment of the Settlement Award (either PayPal or check) and that the information supplied in the Claim Form is true and correct to the best of the Settlement Class Member's knowledge.

1

G.     "Claim Period" means the time period in which Settlement Class Members may submit a Claim Form.  The Claim Period begins on the Notice Deadline and expires on the Objection/Exclusion Deadline.

H.     "Claims Process" means the process for Settlement Class Members' submission of Claims, as described in Section III.

I.      "Class Notice" means all types of notice that will be provided to the Settlement Class, as described in Section IV of the Agreement, and includes Newspaper Publication Notice, Website Notice, Internet Media Publication Notice, as well as any additional notice that might be ordered by the Court.

J.      "Class Action Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court.  The Parties agree that, subject to the Court's approval, Angeion Group shall be retained to implement the Notice and Claims Administration requirements of this Agreement.

K.     "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.F of this Agreement.

L.     "Effective Date" means (a) if no objection is raised to the proposed Settlement at the Fairness Hearing, including with respect to Class Counsel's attorneys' fees and any incentive awards, the date on which the Final Approval Order and Judgment is entered; or (b) if any objections are raised to the proposed Settlement at the Fairness Hearing or thereafter through third-party intervention or otherwise, including with respect to Class Counsel's attorneys' fees and any incentive awards, the latest of:  (i) the expiration date of the time for filing or notice of any appeal from the Final Approval Order and Judgment, (ii) the date of final affirmance of any appeal of the Final Approval Order and Judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the Final Approval Order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the Final Approval Order and

Judgment or the final dismissal of any proceeding on certiorari to review the Final Approval Order and Judgment.

M.      "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the Settlement set forth herein as fair, reasonable and adequate and entry by the Court of the Final Approval Order.  Pursuant to Section VI, the Parties shall request the Fairness Hearing be scheduled One Hundred and Eighty (180) days after Preliminary Approval.

N.      "Final Approval" means the date the Court finally approves the Settlement of this Action, including but not limited to, the terms and conditions of this Agreement.

O.      "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Fairness Hearing, the proposed form of which is attached hereto as "**Exhibit E**".

P.      "Food Products" mean all beverages sold by Chipotle, including but not limited to non-diet sodas, and foods sold by Chipotle containing meat and/or dairy ingredients, including but not limited to burritos, burrito bowls (a burrito without the tortilla), tacos, salads, and quesadillas.

Q.      "Internet Media Publication Notice" means notice of the proposed Settlement to be provided to Settlement Class Members under Section IV.C of the Agreement.  In advance of the hearing on the motion for Preliminary Approval, the Parties shall agree to the form and content of the Internet Media Publication Notice and submit the proposed Internet Media Publication Notice to the Court for approval.

R.      "Long Form Notice" means notice of the proposed Settlement to be provided to Settlement Class Members substantially in the form attached hereto as "**Exhibit B**".

S.      "Newspaper Publication Notice" means notice of the proposed Settlement to be provided to Settlement Class Members under Section IV.A of the Agreement, substantially in the form attached hereto as "**Exhibit A**."

T.      "Notice Deadline" or "Notice Date" means the date on which the notice described in Section IV of the Agreement is first issued, which shall be no later than sixty (60) calendar days following entry of Preliminary Approval.

U.      "Objection/Exclusion Deadline" means the date one hundred and twenty (120) days after Preliminary Approval, which shall in no event be less than sixty (60) calendar days after the Notice Deadline.

V.      "Parties" mean the Class Representatives and Defendant.

W.      "Preliminary Approval" means the date the Court preliminarily approves the Settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

X.      "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as "**Exhibit D**".

Y.      "Released Claims" means all claims to be released pursuant to Section III.C of this Agreement.

Z.      "Settlement Award" means, at the election of the Settlement Class Member, an electronic payment via PayPal or a cash payment in the form of a check to an eligible Settlement Class Member pursuant to Section III.E of this Agreement.  The Settlement Awards will be capped at $2.00 each and subject to *pro rata* decrease, depending on the number of all approved Claims submitted, as described in Section III.E.

AA.     "Settlement Class" means all persons in the United States who purchased Chipotle's Food Products in its restaurants during the Class Period.  Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Food Products.

BB.   "Settlement Class Household" means, to the extent family members, or extended family members, living under the same roof and for whom purchases of the Food Products were collectively made, those family members shall be treated as one "Settlement Class Household" for purposes of the "Claims Process" described below.  For purposes of the "Claims Process," a sole or single "Settlement Class Member" shall be treated as one "Settlement Class Household."

CC.   "Settlement Class Member" means any member of the Settlement Class.

DD.   "Settlement Costs" means (a) any award of attorneys' fees and costs to Class Counsel approved by the Court; (b) any incentive awards to Plaintiffs approved by the Court; (c) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to Newspaper Publication Notice, Website Notice, Internet Media Publication Notice, and any additional notice that might be ordered by the Court); (d) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards, Claim Forms, and the cost of maintaining a designated post office box for receiving Claim Forms; and (e) the fees, expenses and all other costs of the Class Action Settlement Administrator.

EE.   "Settlement Fund" means the non-reversionary fund of Six Million Five Hundred Thousand Dollars ($6,500,000 USD) cash to be paid pursuant to Section III.

FF.   "Settlement Website" means the website to be established by the Class Action Settlement Administrator for purpose of providing notice, Claim Forms, and other information regarding this Agreement, as described in Section IV.B.

GG.   "Website Notice" means the notice made available on the Settlement Website pursuant to Section IV.B of this Agreement, including the Long Form Notice.

## II.   LITIGATION BACKGROUND

A.   Plaintiffs allege that, during the Class Period, Defendant advertised that its Food Products were devoid of Genetically Modified Organisms ("GMO").  Plaintiffs allege that they purchased Food Products in Defendant's restaurants.  Plaintiffs allege that the Food Products have been falsely or misleadingly labeled or marketed as "non-GMO" because Defendant's Food Products may have been sourced from livestock that consumed GMO animal feed.  Based on these

allegations, on April 22, 2016, Plaintiffs filed the Action.  The Action alleges violations of deceptive and unfair trade practices statutes of California, Maryland, and New York in addition to claims for unjust enrichment, common law misrepresentation, and declaratory relief.  The Action is based on Defendant's advertising, marketing, and selling of Food Products nationwide. Plaintiffs claim entitlement to injunctive relief, compensatory damages, and restitution in amounts by which Defendant was allegedly unjustly enriched based on its nationwide marketing, distribution, and sale of Food Products.

B.      Defendant expressly denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further contends that, for any purpose other than Settlement, this Action is not appropriate for class treatment.  Defendant does not admit or concede any actual or potential fault, wrongdoing, or liability against it in the Action or any other actions.  Defendant maintained during the entire pendency of the Action, and continues to maintain, that the challenged labeling and marketing claims are, in fact, true, are substantiated through science, and are therefore not deceptive or misleading as a matter of law.

C.      The Parties engaged in vigorous litigation over a three year period relating to the facts and legal issues in the Action.  The Parties exchanged voluminous discovery including hundreds of thousands of pages of documents, many depositions, expert discovery, and third party discovery and document production.  As a result of this lengthy and contentious litigation, Class Counsel was able to review thoroughly the claims of the Settlement Class Members and Defendant's policies, practices and procedures as they relate to the marketing and sale of the Food Products.

D.      The Court denied Defendant's Motion to Dismiss this Action on November 4, 2016. (Dkt. No. 36.) The Court also denied Defendant's Motion for Summary Judgment and granted Plaintiffs' Motion for Class Certification on September 29, 2018, certifying classes of California, New York, and Maryland purchasers.  (Dkt. No. 136.)  Trial was set for September 16, 2019.  (Dkt. No. 174.)  At the time of Settlement, Defendant's Motion to Decertify the Classes was fully

briefed, on file, and pending hearing.  Hearing on Defendant's Motion to Decertify the Classes was vacated by stipulation of the Parties, as a tentative Settlement was reached.

E.     Counsel for the Parties engaged in two separate full day mediations before the Honorable Jay C. Gandhi (Ret.) of JAMS, as well as many meetings, discussions, and conference calls prior to finally resolving this matter.  The result was a Settlement of the Action in its entirety, culminating with this Agreement on the above-outlined litigation.  Based on the above-outlined investigation, the current state of the law, the expense, burden and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a Settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

F.     For settlement purposes, the Parties have agreed that Plaintiffs will file an amended complaint, contemporaneous with filing a motion for preliminary approval, redefining the class definition to be consistent with the Settlement Class described herein.

G.     Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to run Defendant's business.  While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to Plaintiffs' claims, Defendant has determined that the Settlement is fair, adequate and reasonable.

H.     Based on the foregoing, which the Parties expressly incorporate as material terms of the Agreement, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Action which exist between the Parties.  Therefore, it is the intention of Plaintiffs and the Settlement Class that this Agreement

shall constitute a full and complete Settlement and release of the Released Claims against Defendant.

## III.   TERMS OF SETTLEMENT

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties agree as follows:

A.   <u>Conditional Certification of Class.</u>  For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).

B.   <u>Certification is Conditional.</u>  This certification is conditional on the Court's approval of this Agreement.  In the event the Court does not approve all terms of the Agreement, or if the Agreement is voluntarily or involuntarily terminated for any reason, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy.  And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

C.   <u>Releases</u>.

1.   <u>Release of Chipotle.</u>  Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class shall fully release and discharge Defendant and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates,

successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the purchase of the Food Products marketed as non-GMO during the Class Period and the claims alleged in the operative complaint in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaint in the Action, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, labeling, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Discharged Parties of the Food Products, any claims for rescission, restitution or unjust enrichment for all damages of any kind, violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes, any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extracontractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and

costs against the Discharged Parties pertaining to or relating to the claims alleged in the operative complaint in the Action, notwithstanding that Plaintiffs and the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Released Claims herein.

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs and all Settlement Class Members.

2.     Release of Class Representatives and Class Counsel.  Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Defendant shall fully release and discharge Class Representatives, Settlement Class Members, and Class Counsel from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Defendant ever had, now has, may have, or hereafter can, shall or may ever have against Class Representatives, Settlement Class Members, and Class Counsel in any other court, tribunal, arbitration panel,

commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the institution or prosecution of the Action, notwithstanding that Defendant acknowledges that it may hereafter discover facts in addition to or different from those that it now knows or believes to be true concerning the subject matter of the Action and/or the Released Claims herein.

Defendant expressly understands and acknowledges that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Defendant hereby agrees that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished and released by Defendant.

D.     The Settlement Fund.  In settlement of the claims of Plaintiffs and the Settlement Class Members, Defendant shall pay the Settlement Fund on the following schedule:

1.     Within fourteen (14) calendar days of Preliminary Approval, Defendant shall pay the Administration Fund into an escrow account established by the Settlement Administrator.  The Administration Fund shall be used to pay the costs of the Notice Plan and the Claims Process, including exclusions and objections.

2.     Within thirty (30) calendar days of the Effective Date, Defendant shall pay the Settlement Fund ($6,500,000) less the Administration Fund ($400,000) ("Fund Payment"). The Fund Payment shall be used first to pay all remaining Settlement Costs, and any remaining amounts shall then be used to pay all Settlement Awards to Settlement Class Members (the "Cash Award Fund").  Subject to Court approval and oversight, the account receiving the Fund Payment shall be an interest-bearing account mutually agreed to by the Parties and controlled by the Class

Action Settlement Administrator.  Any interest earned on any amounts in the account shall be allocated to pay Settlement Costs.

E.    <u>Compensation to the Settlement Class</u>.

1.    <u>Claim Process</u>.  Settlement Class Members may make a Claim for a Settlement Award by submitting a valid Claim Form to the Class Action Settlement Administrator by mail or via a web form on the Settlement Website during the Claim Period.  Only five (5) valid Claims will be honored per Settlement Class Member without proof of purchase, and ten (10) valid Claims will be honored per Settlement Class Member with proof of purchase. Only fifteen (15) valid Claims will be honored per Settlement Class Household.  Settlement Awards to Settlement Class Members who submit a valid Claim will be paid within one hundred and eighty (180) days of the Effective Date.

2.    <u>Pro Rata Distribution</u>.  If the total amount of Settlement Awards would exceed the Cash Award Fund, the Settlement Awards will be reduced *pro rata* so that the total payment in the aggregate to Settlement Class Members for Settlement Awards does not exceed the Cash Award Fund.  For the avoidance of doubt, the Cash Award Fund is the Settlement Fund less the amount of all Settlement Costs, and in no event will Defendant be obligated to pay more than the Settlement Fund.

3.    <u>Final Tally</u>.  Within seven (7) calendar days after the close of the Claim Period, the Class Action Settlement Administrator shall provide the Parties with the number of valid and timely Claims received.

F.    *Cy Pres* Distribution.  Any check to a Settlement Class Member that is not cashed within one hundred and twenty (120) days of its mailing by the Class Action Settlement Administrator will be void (the "Void Date").  Any funds remaining in the Settlement Fund as of the Void Date, less any funds necessary for remaining Settlement Costs, will be awarded *cy pres* no later than forty-five (45) days after the Void Date.  In advance of the preliminary approval hearing, the parties will file a notice with the court identifying their agreed upon *cy pres* recipient.

G.    Attorneys' Fees/Costs and Class Representative Enhancement.

1.    Plaintiffs shall move the Court for an award of attorneys' fees, plus costs, to be paid to Class Counsel from the Settlement Fund, which shall be noticed for the same date as the Fairness Hearing and filed at least thirty-five (35) days before the Objection/Exclusion Deadline.  Defendant shall not object to such a motion so long as the amount requested for attorneys' fees is less than or equal to One Million Nine Hundred Fifty Thousand Dollars ($1,950,000.00 USD), which is 30% of the value of the Settlement Fund, plus costs.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  In addition, Class Counsel shall not be entitled to interest on such amount at any time.

2.    Class Counsel further agrees that it will apply to the Court for an incentive award to each Class Representative in an amount not to exceed Five Thousand Dollars ($5,000.00 USD) each, for their participation as Class Representatives, for taking on the risks of litigation, and for Settlement of their individual claims as Settlement Class Members in this Action.  Court approval of the incentive awards, or their amount, will not be a condition of the Settlement.

3.    The Court approved attorneys' fees shall be paid within forty-five (45) calendar days of the Effective Date.  The Class Action Settlement Administrator shall deliver to Kaplan Fox & Kilsheimer LLP, at the address set forth below, a check payable to "Kaplan Fox & Kilsheimer LLP Client Trust Account" in the total amount actually awarded by the Court as attorneys' fees, expenses, costs, and incentive awards.  Plaintiffs and Class Counsel agree to provide Defendant all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

4.    Except for the fees and costs to be paid to Class Counsel and Plaintiffs as specifically provided in this subsection G and elsewhere in this Agreement, Defendant does not agree to pay and shall not be responsible or liable for the payment of any attorneys' fees and expenses of Class Counsel, Plaintiffs, the Settlement Class, and Settlement Class Members, any person or entity that may object to the Agreement, or any attorney who may represent any person

13

or entity that may object to the Agreement, in connection with the Action or in connection with any claim that was or could have been alleged in the Action.

## IV.   NOTICE TO THE SETTLEMENT CLASS

The Class Action Settlement Administrator shall provide Class Notice in the forms approved by the Court, as detailed below, no later than the Notice Deadline.

A.   <u>Newspaper Publication Notice</u>.  The Class Action Settlement Administrator shall provide for Newspaper Publication Notice.  Newspaper Publication Notice shall be in *East Bay Times*, once per week for four (4) consecutive weeks, and a one-time publication in *People* Magazine.

B.   <u>Website Notice</u>.  The Class Action Settlement Administrator will establish and maintain the Settlement Website.  The Settlement Website will be dedicated to the Settlement.  On the Settlement Website will be posted the Long Form Notice, the Claim Form, a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include. The Settlement Website shall also provide for online submission of Claim Forms, and instructions on how to access the case docket via PACER or in person at any of the court's locations.  The Settlement Website shall also state the date of the Fairness Hearing, that the date may change without further notice, and that Settlement Class Members should be advised to check the Settlement Website or the Court's PACER site to confirm that the date has not been changed. These documents and information shall be available on the Settlement Website no later than the Notice Deadline and remain at least until Final Approval.  The Settlement Website shall not include any advertising, and shall not bear or include Chipotle's logo or trademarks.

C.   <u>Internet Media Publication Notice</u>.  The Class Action Settlement Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones over a period of 60 days, targeting likely Class Members nationwide.

D.      Toll-Free Number.  The Class Action Settlement Administrator shall establish and host a case specific toll-free number to allow Class Members to learn more and to request further information about the Action.

E.      CAFA Notice.  The Class Action Settlement Administrator shall be responsible for timely compliance with all CAFA notice requirements.   The Class Action Settlement Administrative shall secure Defendant's approval and consent regarding the form and content of the CAFA Notice. All costs associated with effectuating CAFA Notice, including but not limited to postage and printing, shall be deemed Settlement Costs.

## V.   PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.      Objections.  Only Settlement Class Members may object to the Settlement.  A Settlement Class Member who wishes to object to the Settlement must do so in writing by the Objection/Exclusion Deadline.   All written objections and supporting papers must (a) clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 2 - 4th Floor, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California.  Written objections must also contain:  (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Class; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years; and (8) the signature of the Settlement Class Member and her or his counsel, if any.  No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Settlement Class Member's

15

intention to appear at the Fairness Hearing, and copies of any written objections or briefs, have been timely submitted to the Court.  The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served.  In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline.  Settlement Class Members who fail to timely submit a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

B.     Procedure for Requesting Exclusion.  Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Class Action Settlement Administrator by the Objection/Exclusion Deadline.  To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (N.D. Cal.)."  Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective.  The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted.  In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Class Action Settlement Administrator within two (2) calendar days of the Objection/Exclusion Deadline.  Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any Settlement Award, will not

be bound by the Settlement, and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

        C.      <u>Termination Right</u>.  In its sole discretion and at its sole option, Defendant has the unconditional right, but not the obligation, to terminate this Agreement if the total number of opt-outs exceeds 1,000 persons in the Settlement Class.

        D.      <u>No Solicitation of Settlement Objections or Exclusions</u>.  The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Members to object to the Settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the final judgment.

## VI.    <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

        Following full execution of this Agreement, and no later than September 11, 2019, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for Settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for Settlement purposes only; (c) approve the forms of Class Notice and find that the notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, by the Notice Deadline; (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class by the Objection/Exclusion Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek

to intervene; (f) approve the Claim Form and the Claims Process described herein, and set a deadline for timely submission of claims; (g) pending final determination of whether the Settlement should be approved, bar all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Discharged Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; (i) schedule the Fairness Hearing on Final Approval of the Settlement, which shall be one hundred and eighty (180) days after Preliminary Approval (or such other date ordered by the Court); and (j) providing that, in the event the proposed Settlement set forth in this Agreement is not approved by the Court, or in the event that this Agreement becomes null and void pursuant to its terms, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement.  In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with modifications, then this entire Agreement shall become null and void, unless the Parties hereto agree in writing to proceed with this Agreement as modified.

## VII.   **FINAL APPROVAL OF SETTLEMENT**

Not later than 60 days before the Fairness Hearing, Class Counsel shall file a Motion for Final Approval of the Settlement.  Plaintiffs shall request that the Court enter the Final Approval Order, which shall specifically include provisions that:  (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class Members; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil

Procedure 23; (c) approve the plan of distribution of the Settlement Fund; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Discharged Parties; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement, and subject to the Court's retaining continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Agreement.

## VIII.  POST-DISTRIBUTION ACCOUNTING

Pursuant to the Northern District of California's Guidance for Class Action Settlements, within 21 days after the distribution of Settlement Awards and payment of Settlement Costs, the Parties will file a Post-Distribution Accounting, which shall provide the following information, to the extent possible:  the amount of the Settlement Fund, an estimate of the total number of Settlement Class Members, the number of Claim Forms submitted, the number of opt-outs, the number of objections, the award per claimant, the method(s) of notice to Settlement Class Members, the administrative costs, the amount of Class Counsel's awarded attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any.

## IX.  PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## X.  MUTUAL FULL COOPERATION

The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement.  As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure

the Court's final approval of this Agreement.  Defendant agrees that Defendant will not attempt to discourage Settlement Class Members from filing claims.

## XI.    NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Defendant denies all liability for claims asserted in the Action.  Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Agreement is a Settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding in order to establish liability.  The preceding sentence shall not apply to an action or proceeding to approve or enforce this Agreement.

## XII.    NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed served on the date of mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
|---|---|
| Laurence D. King, Esq.<br>KAPLAN FOX & KILSHEIMER LLP<br>350 Sansome Street<br>Suite 400<br>San Francisco, CA 94104 | Angela C. Agrusa, Esq.<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA 90067 |

## XIII.    CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

**XIV.   MATERIAL TERMS; CAPTIONS**

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder.

Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

**XV.   INTEGRATION CLAUSE**

This Agreement contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

**XVI.   PUBLIC STATEMENTS**

The Parties and their counsel shall issue no public statements and shall make no comments to media or press with respect to the Action or the Agreement at any time (including but not limited to press releases via PR Newswire), except as required by law.  In addition, the Parties and their counsel shall not make, publish, circulate or cause to be made, published or circulated any statements that represent or suggest any wrongdoing by Defendant, or that this Agreement or any order by the Court regarding the Settlement or this Agreement represents or implies any wrongdoing by, or any admission of liability by, Defendant, or a finding by the Court of liability or wrongdoing.

**XVII.  NON-EVIDENTIARY USE**

Neither this Agreement nor any of its terms shall be offered or received into evidence in the Action, or in any other action or proceeding; provided, however, that nothing contained in this section "non-evidentiary use" shall prevent this Agreement from being used, offered, or received in any proceeding to enforce, construe, or finalize this Agreement.

XVIII. **NO COLLATERAL ATTACK**

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims that a Settlement Class Member's Settlement Award was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual Settlement Award or failed to submit a timely dispute letter for any reason.

XIX. **AMENDMENTS**

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

XX. **ASSIGNMENTS**

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

XXI. **GOVERNING LAW**

This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of California, irrespective of the State of California's choice of law principles.

XXII. **BINDING ASSIGNS**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXIII. CONFIDENTIALITY

Class Counsel and Plaintiffs' counsel of record in the Action warrant and represent that they have not shared any information regarding this Settlement or confidential information learned in the Action with any third-party, beyond what was permitted under the stipulated protective order in the Action.  Class Counsel and Plaintiffs' counsel of record in the Action warrant and represent that they will not in the future share any confidential information learned in the Action with any third-parties.

## XXIV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement.  The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXV.  SETTLEMENT TIMELINE

For the Court's and the Parties' convenience, the pertinent deadlines contained in this Agreement are listed below.

| Item | Deadline |
|---|---|
| Filing of Motion for Preliminary Approval | September 11, 2019 |
| Funding of Administration Fund | 14 days after Preliminary Approval |
| Notice Deadline/Notice Date | 60 days after Preliminary Approval |
| Plaintiffs' Motion for Attorneys' Fees and Incentive Awards | 35 days before the Objection/Exclusion Deadline, and noticed for same date as Fairness Hearing. |
| Objection/Exclusion Deadline and Deadline to File Claims | 120 days after Preliminary Approval |

| | |
|---|---|
| Final Tally | 127 days after Preliminary Approval (i.e., 7 days after Objection/Exclusion Deadline) |
| Motion for Final Approval | 60 days prior to date of Fairness Hearing |
| Responses to Motion for Attorneys' Fees and Incentive Awards and Motion for Final Approval | 25 days prior to Fairness Hearing |
| Responses to Objections/Motions | 14 days prior to Fairness Hearing |
| Fairness Hearing | 180 days after Preliminary Approval (or such other date set by the Court) |
| Effective Date | Date of Final Approval (assuming no objections) |
| Fund Payment to Settlement Fund | 30 days after Effective Date |
| Distribution of Attorneys' Fees and Incentive Awards | 45 days after Effective Date |
| Distribution of Settlement Awards | 180 days after Effective Date |
| Post-Distribution Accounting | 21 days after distribution of Settlement Awards |
| Void Date of Settlement Award Checks | One hundred and twenty (120) days after the mailing of the settlement check. |
| *Cy Pres* Distribution | Forty-five (45) days after the Void Date. |

## XXVI. <u>COUNTERPARTS</u>

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the dates indicated below:

[*Signatures on following page.*]

**CLASS REPRESENTATIVES AND CLASS COUNSEL:**

Dated:  September _____, 2019

By: _____
Martin Schneider, individually and on
behalf of the Settlement Class

Dated:  September _____, 2019

By: _____
Sarah Deigert, individually and on
behalf of the Settlement Class

Dated:  September _____, 2019

By: _____
Theresa Gamage, individually and on
behalf of the Settlement Class

Dated:  September _____, 2019

By: _____
Nadia Parikka, individually and on
behalf of the Settlement Class

Dated:  September _____, 2019

KAPLAN FOX & KILSHEIMER LLP

By: _____
Laurence D. King
Attorneys for plaintiffs

Dated:  September _____, 2019

KOBRE & KIM LLP

By: _____
Hartley M. K. West
Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated:  September _____, 2019

CHIPOTLE MEXICAN GRILL INC.

By: _____
Michael McGawn
Chipotle Mexican Grill Inc.

Dated:  September _____, 2019

DLA PIPER LLP (US)

By: _____
Angela C. Agrusa
Attorneys for Defendant Chipotle Mexican
Grill Inc.

26

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated:  September _____, 2019             By: _____
                                              Martin Schneider, individually and on
                                              behalf of the Settlement Class

Dated:  September 10, 2019

                                          By: _____
                                              Sarah Deigert, individually and on
                                              behalf of the Settlement Class

Dated:  September _____, 2019

                                          By: _____
                                              Theresa Gamage, individually and on
                                              behalf of the Settlement Class

Dated:  September _____, 2019

                                          By: _____
                                              Nadia Parikka, individually and on
                                              behalf of the Settlement Class

Dated:  September _____, 2019             KAPLAN FOX & KILSHEIMER LLP

                                          By: _____
                                              Laurence D. King
                                              Attorneys for plaintiffs

Dated:  September _____, 2019             KOBRE & KIM LLP

                                          By: _____
                                              Hartley M. K. West
                                              Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated:  September _____, 2019             CHIPOTLE MEXICAN GRILL INC.

                                          By: _____
                                              Michael McGawn
                                              Chipotle Mexican Grill Inc.

Dated:  September _____, 2019             DLA PIPER LLP (US)

                                          By: _____
                                              Angela C. Agrusa
                                              Attorneys for Defendant Chipotle Mexican
                                              Grill Inc.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated: September \_\_\_\_, 2019    By: _____
                                      Martin Schneider, individually and on
                                      behalf of the Settlement Class

Dated: September \_\_\_\_, 2019

                              By: _____
                                      Sarah Deigert, individually and on
                                      behalf of the Settlement Class

Dated: September _10_, 2019

                              By: _Theresa Gamage_
                                      Theresa Gamage, individually and on
                                      behalf of the Settlement Class

Dated: September \_\_\_\_, 2019

                              By: _____
                                      Nadia Parikka, individually and on
                                      behalf of the Settlement Class

Dated: September \_\_\_\_, 2019    KAPLAN FOX & KILSHEIMER LLP

                              By: _____
                                      Laurence D. King
                                      Attorneys for plaintiffs

Dated: September \_\_\_\_, 2019    KOBRE & KIM LLP

                              By: _____
                                      Hartley M. K. West
                                      Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: September \_\_\_\_, 2019    CHIPOTLE MEXICAN GRILL INC.

                              By: _____
                                      Michael McGawn
                                      Chipotle Mexican Grill Inc.

Dated: September \_\_\_\_, 2019    DLA PIPER LLP (US)

                              By: _____
                                      Angela C. Agrusa
                                      Attorneys for Defendant Chipotle Mexican
                                      Grill Inc.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated: September _____, 2019

By: _____
    Martin Schneider, individually and on
    behalf of the Settlement Class

Dated: September _____, 2019

By: _____
    Sarah Deigert, individually and on
    behalf of the Settlement Class

Dated: September _____, 2019

By: _____
    Theresa Gamage, individually and on
    behalf of the Settlement Class

Dated: September  10 , 2019

By: _____
    Nadia Parikka, individually and on
    behalf of the Settlement Class

Dated: September _____, 2019        KAPLAN FOX & KILSHEIMER LLP

By: _____
    Laurence D. King
    Attorneys for plaintiffs

Dated: September _____, 2019        KOBRE & KIM LLP

By: _____
    Hartley M. K. West
    Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: September _____, 2019        CHIPOTLE MEXICAN GRILL INC.

By: _____
    Michael McGawn
    Chipotle Mexican Grill Inc.

Dated: September _____, 2019        DLA PIPER LLP (US)

By: _____
    Angela C. Agrusa
    Attorneys for Defendant Chipotle Mexican
    Grill Inc.

26

**CLASS REPRESENTATIVES AND CLASS COUNSEL:**

Dated: September ____, 2019         By: _____
                                         Martin Schneider, individually and on
                                         behalf of the Settlement Class

Dated: September ____, 2019

                                    By: _____
                                         Sarah Deigert, individually and on
                                         behalf of the Settlement Class

Dated: September ____, 2019

                                    By: _____
                                         Theresa Gamage, individually and on
                                         behalf of the Settlement Class

Dated: September ____, 2019

                                    By: _____
                                         Nadia Parikka, individually and on
                                         behalf of the Settlement Class

Dated: September _11_, 2019         KAPLAN FOX & KILSHEIMER LLP

                                    By: _____
                                         Laurence D. King
                                         Attorneys for plaintiffs

Dated: September ____, 2019         KOBRE & KIM LLP

                                    By: _____
                                         Hartley M. K. West
                                         Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: September ____, 2019         CHIPOTLE MEXICAN GRILL INC.

                                    By: _____
                                         Michael McGawn
                                         Chipotle Mexican Grill Inc.

Dated: September ____, 2019         DLA PIPER LLP (US)

                                    By: _____
                                         Angela C. Agrusa
                                         Attorneys for Defendant Chipotle Mexican
                                         Grill Inc.

**CLASS REPRESENTATIVES AND CLASS COUNSEL:**

Dated: September _____, 2019

By: _____
Martin Schneider, individually and on behalf of the Settlement Class

Dated: September _____, 2019

By: _____
Sarah Deigert, individually and on behalf of the Settlement Class

Dated: September _____, 2019

By: _____
Theresa Gamage, individually and on behalf of the Settlement Class

Dated: September _____, 2019

By: _____
Nadia Parikka, individually and on behalf of the Settlement Class

Dated: September _____, 2019

KAPLAN FOX & KILSHEIMER LLP

By: _____
Laurence D. King
Attorneys for plaintiffs

Dated: September __*11*__, 2019

KOBRE & KIM LLP

By: _*Hartley M. K. West*_
Hartley M. K. West
Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: September _____, 2019

CHIPOTLE MEXICAN GRILL INC.

By: _____
Michael McGawn
Chipotle Mexican Grill Inc.

Dated: September _____, 2019

DLA PIPER LLP (US)

By: _____
Angela C. Agrusa
Attorneys for Defendant Chipotle Mexican Grill Inc.

26

**CLASS REPRESENTATIVES AND CLASS COUNSEL:**

Dated: September _____, 2019           By: _____
                                            Martin Schneider, individually and on
                                            behalf of the Settlement Class

Dated: September _____, 2019
                                       By: _____
                                            Sarah Deigert, individually and on
                                            behalf of the Settlement Class

Dated: September _____, 2019
                                       By: _____
                                            Theresa Gamage, individually and on
                                            behalf of the Settlement Class

Dated: September _____, 2019
                                       By: _____
                                            Nadia Parikka, individually and on
                                            behalf of the Settlement Class

Dated: September _____, 2019           KAPLAN FOX & KILSHEIMER LLP

                                       By: _____
                                            Laurence D. King
                                            Attorneys for plaintiffs

Dated: September _____, 2019           KOBRE & KIM LLP

                                       By: _____
                                            Hartley M. K. West
                                            Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: September _____, 2019           CHIPOTLE MEXICAN GRILL INC.

                                       By: _____
                                            Michael McGawn
                                            Chipotle Mexican Grill Inc.

Dated: September _____, 2019           DLA PIPER LLP (US)

                                       By: _____
                                            Angela C. Agrusa
                                            Attorneys for Defendant Chipotle Mexican
                                            Grill Inc.

26

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated:  September _____, 2019         By:  _____
                                          Martin Schneider, individually and on
                                          behalf of the Settlement Class

Dated:  September _____, 2019
                                      By:  _____
                                          Sarah Deigert, individually and on
                                          behalf of the Settlement Class

Dated:  September _____, 2019
                                      By:  _____
                                          Theresa Gamage, individually and on
                                          behalf of the Settlement Class

Dated:  September _____, 2019
                                      By:  _____
                                          Nadia Parikka, individually and on
                                          behalf of the Settlement Class

Dated:  September _____, 2019         KAPLAN FOX & KILSHEIMER LLP

                                      By:  _____
                                          Laurence D. King
                                          Attorneys for plaintiffs

Dated:  September _____, 2019         KOBRE & KIM LLP

                                      By:  _____
                                          Hartley M. K. West
                                          Attorneys for plaintiffs

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated:  September _____, 2019         CHIPOTLE MEXICAN GRILL INC.

                                      By:  _____
                                          Michael McGawn
                                          Chipotle Mexican Grill Inc.

Dated:  September _____, 2019         DLA PIPER LLP (US)

                                      By:  _____
                                          Angela C. Agrusa
                                          Attorneys for Defendant Chipotle Mexican
                                          Grill Inc.