# EXHIBIT B

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*Martin Schneider et al. v. Chipotle Mexican Grill, Inc*., Case No. 4:16-cv-02200

# If you bought beverages or food products containing meat and/or dairy ingredients in a Chipotle restaurant between April 27, 2015 and June 30, 2016, you may be entitled to payment from a class action settlement.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- Chipotle has agreed to pay $6,500,000 into a fund (the "Fund") to fully settle and release claims of all persons in the United States who purchased (1) beverages, and/or (2) food products containing meat and/or dairy ingredients, in a Chipotle Mexican Grill Inc. ("Chipotle") restaurant during the time period set forth above, as described in the settlement agreement ("Settlement").

- The Fund shall include all settlement awards ("Settlement Awards") to claiming Settlement Class Members, an attorneys' fee award to be determined by the Court, any incentive award to the Class Representatives to be determined by the Court, and settlement costs. If there are any uncashed checks or amounts remaining in the Fund after payment of Settlement Awards, that money will be distributed *cy pres* to charity.

- Only 5 valid Claims will be honored per Settlement Class Member without proof of purchase, and 10 valid Claims will be honored per Settlement Class Member with proof of purchase. Only 15 valid Claims will be honored per Settlement Class Household. The Settlement Awards are capped at $2.00 each and subject to *pro rata* decrease, depending on the number of all approved Claims submitted.

- The Settlement resolves a lawsuit alleging that Chipotle's "non-GMO" advertising located in its restaurants was misleading in that Chipotle served meat and dairy products (such as chicken, steak, barbacoa, carnitas, cheese, and sour cream) derived from poultry and livestock that may have consumed GMO feed, and beverages (such as soft drinks) containing GMOs.

- The two sides disagree on whether Plaintiffs and the Settlement Class could have prevailed at trial. By entering into the Settlement, Chipotle has not conceded the truth or validity of any of the claims against it.

- Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

| **Your Legal Rights And Options In This Settlement:** | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by [Objection/Exclusion Deadline], you will receive a cash refund in the form of electronic payment or a check, and will give up certain rights to sue Chipotle. |
| EXCLUDE YOURSELF FROM THE CASE | This is the only option that allows you to sue Chipotle on your own regarding the legal claims in this case, but you will not receive compensation |

QUESTIONS? CALL [number] TOLL-FREE OR VISIT WWW.CHIPOTLENONGMOCLASSACTION.COM

| | under the Settlement. The deadline for excluding yourself is [Objection/Exclusion Deadline]. |
|---|---|
| OBJECT TO THE SETTLEMENT | Write to the Court about why you do not like the Settlement. The deadline for objecting is [Objection/Exclusion Deadline]. |
| DO NOTHING | If you do nothing, you will receive no money from the Settlement, but you will still give up certain rights to sue Chipotle. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Compensation will be issued if the Court approves the Settlement and after appeals are resolved, if any. Please be patient.

# BASIC INFORMATION

## 1. Why was this notice issued?

This notice was issued because a Court has conditionally "certified" this case as a class action lawsuit for settlement purposes only and your rights may be affected. If you bought beverages or food products containing meat and/or dairy ingredients in a Chipotle restaurant between April 27, 2015 and June 30, 2016, you may have legal rights and options in this case. This Notice explains all of these things. Judge Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California is overseeing this class action. The case is known as *Martin Schneider et al. v. Chipotle Mexican Grill, Inc.*, Case No. 4:16-cv-02200. The people who sued are called the Plaintiffs. The company they sued, Chipotle Mexican Grill, Inc., is called the Defendant or Chipotle.

## 2. Why is this a class action?

In a class action, one or more people, called "Class Representatives" (in this case Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka), sue on behalf of all people who have similar claims. Together, these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Here, the Court has certified a class action for settlement purposes only. More information about why this is a class action can be found in the Court's Class Certification Order, which is available at www.chipotlenongmoclassaction.com.

## 3. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Chipotle. Plaintiffs think they would have prevailed at trial. Chipotle thinks the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to this Settlement. That way, they avoid the risk and cost of a trial, and the Class Members will receive compensation. The Class Representatives and their attorneys think the Settlement is best for all Class Members.

# THE CLAIMS IN THE LAWSUIT

## 4. What is the lawsuit about?

The lawsuit claims that Chipotle's "non-GMO" advertising located in its restaurants was misleading and

QUESTIONS? CALL [number] TOLL-FREE OR VISIT WWW.CHIPOTLENONGMOCLASSACTION.COM

deceptive to consumers who reasonably understood this to mean that Chipotle did not serve food from animals that have been raised on GMOs or genetically engineered feed, and did not serve beverages containing GMOs. The lawsuit claims that Chipotle served meat and dairy products (such as chicken, steak, barbacoa, carnitas, cheese, and sour cream) from poultry and livestock that were raised on GMO feed, and served beverages (such as soft drinks) containing GMOs, but did not disclose this information to consumers. Specifically, the lawsuit claims that Chipotle violated, among others, the California Consumer Legal Remedies Act, California's False Advertising Law, California's Unfair Competition Law, the Maryland Consumer Protection Act, New York's Consumer Protection Statute, and New York's False Advertising Law. More information can be found in the Amended Class Action Complaint, available at www.chipotlenongmoclassaction.com.

# MEMBERS OF THE SETTLEMENT CLASS

### 5. How do I know if I am a part of the Settlement Class?

The Court has certified this case for settlement purposes only as a class action. The class (the "Settlement Class") is defined as:

> All persons in California who purchased Chipotle's Food Products in its restaurants during the Class Period.

Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Chipotle and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Chipotle prior to the Effective Date concerning the Food Products.

"Food Products" is defined as all beverages sold by Chipotle, including but not limited to non-diet sodas, and foods sold by Chipotle containing meat and/or dairy ingredients, including but not limited to burritos, burrito bowls (a burrito without the tortilla), tacos, salads, and quesadillas.

"Class Period" is defined as April 27, 2015 to June 30, 2016, inclusive.

# THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Chipotle has agreed to pay $6,500,000 into a non-reversionary Fund in full and complete settlement and release of all claims of Plaintiffs and the Settlement Class Members, as described in the Settlement. The Fund will be used to pay Settlement Awards to Settlement Class Members who send in a valid Claim Form, after attorneys' fees, costs and other expenses have been deducted. You cannot receive compensation unless you submit a Claim Form as set forth below.

Only five valid Claims will be honored per Settlement Class Member without proof of purchase, and ten valid Claims will be honored per Settlement Class Member with proof of purchase. Only 15 valid Claims will be honored per Settlement Class Household. Settlement Awards are capped at $2.00 each and subject to *pro rata* decrease, depending on the number of all approved Claims submitted.

Class Counsel will ask the Court to approve an award of up to 30% of the Fund to them for attorneys' fees, plus costs, and $5,000 to each of the Class Representatives.

If there are any uncashed checks or amounts remaining in the Fund after Settlement Awards are issued, that money will be distributed *cy pres* to charity.

### 7. How much will my payment be?

Your share of the Fund will depend on the number of valid Claim Forms that Settlement Class Members send in.  Only five valid Claims will be honored per Settlement Class Member without proof of purchase, and ten valid Claims will be honored per Settlement Class Member with proof of purchase. Only fifteen valid Claims will be honored per Settlement Class Household.  Settlement Awards are capped at $2.00 each and subject to *pro rata* decrease, depending on the number of all approved Claims submitted.

### 8. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against Chipotle asserting a released claim. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form or do nothing, you will agree to release Chipotle from any and all claims under federal and state law that arise from "non-GMO" representations at issue in this action.

# THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes. The Court has appointed Laurence D. King, Matthew George, Mario M. Choi, Frederic S. Fox and Donald R. Hall of Kaplan Fox & Kilsheimer LLP, and Hartley M. K. West and Matthew I. Menchel of Kobre & Kim LLP, as Class Counsel to represent you and the Class in this case. These lawyers have experience handling similar cases. More information about these lawyers and their law firms is available at www.kaplanfox.com and www.kobrekim.com.

### 10. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is representing you and all the other members of the Settlement Class. If you want someone other than Class Counsel to speak for you, you may hire your own lawyer at your own expense.

### 11. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to 30% of the entire Fund to them for attorneys' fees, plus costs. Class Counsel also will ask the Court to approve payment of $5,000 each to Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka for their services as Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the Settlement. The Court may award less than these amounts. Defendant has agreed not to oppose these fees and expenses.

# HOW TO APPLY FOR COMPENSATION

| 12. How can I get compensation under the Settlement? |
|---|

To qualify for compensation under the Settlement, you must send in a Claim Form. A Claim Form is available on the internet at www.chipotlenongmoclassaction.com. Read the instructions carefully, fill out the form, sign it and mail it postmarked no later than [Objection/Exclusion Deadline]. You may also submit a Claim Form online at www.chipotlenongmoclassaction.com by no later than [Objection/Exclusion Deadline].

No proof of purchase is necessary to obtain settlement benefits.  However, the Claim Form must be signed by you under penalty of perjury (either by hand or, if you submit it online, electronically), affirming that you are a qualified member of the Settlement Class and that the information provided therein is true and accurate to the best of your knowledge.

| 13. When would I receive compensation? |
|---|

The Court will hold a hearing on [Fairness Hearing Date] to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the Settlement through information posted at www.chipotlenongmoclassaction.com. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. How do I get out of the Settlement? |
|---|

If you do not want a Settlement Award under this Settlement, and you want to keep the right to sue or continue to sue Chipotle regarding its non-GMO representations that are the subject of the action, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting out of, the Settlement Class.

To exclude yourself from the Settlement, you must send a letter by mail to the Class Action Settlement Administrator that (a) states your name, address, and phone number; (b) is personally signed by you, and not your attorney or anyone acting on your behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (N.D. Cal.)."  No request for exclusion will be valid unless all of the information described above is included.

You must mail your exclusion request postmarked no later than [Objection/Exclusion Deadline] to the Class Action Settlement Administrator at the following address:  [address]

| 15.  If I do not exclude myself, can I sue Defendant for the same thing later? |
|---|

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Chipotle for the claims that this Settlement resolves.

| 16.  If I exclude myself, can I get compensation under this Settlement? |
|---|

No. If you ask to be excluded, you will not get any compensation under the Settlement, and you cannot object to the Settlement.

# OBJECTING TO THE SETTLEMENT

| 17.  How do I tell the Court that I do not agree with the Settlement? |
|---|

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (N.D. Cal.)), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 2 - 4th Floor, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [Objection/Exclusion Deadline].

Written objections must also contain:  (1) your full name, address and telephone number; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based (if any); (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether you intend to appear at the Final Approval Hearing; (6) proof of membership in the Class (if any); (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years (if any); and (8) your signature and your attorney's signature (if any).

| 18.  What is the difference between objections and excluding myself from the Settlement? |
|---|

Objecting means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement means that you do not want to be part of the Settlement Class. If you exclude yourself, then you have no basis to object to the Settlement.

# IF YOU DO NOTHING

| 19.  What happens if I do nothing at all? |
|---|

If you do nothing, you will remain a member of the Settlement Class and you will give up your rights to sue Chipotle; however, you will not receive any compensation because you must submit a Claim Form in order to receive compensation under this Settlement.

# THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ a.m. on _____, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 2 - 4th Floor, Oakland, CA 94612. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements herein, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Class Representatives.

The date of the Final Approval Hearing may change without further notice to the Settlement Class. Settlement Class Members should be advised to check the Settlement Website or the Court's PACER site to confirm that the date has not been changed.

**21. Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**22. May I speak at the hearing?**

You, or any lawyer you retain, may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your objection to the Settlement a statement saying that it is your intent to appear at the Final Approval Hearing. Your Objection and notice of intent to appear must be submitted to the Court and postmarked no later than [Objection/Exclusion Deadline]. You cannot speak at the hearing if you excluded yourself from the Settlement.

# GETTING MORE INFORMATION

**23. Is this the entire Settlement?**

No. This notice is only a summary of the proposed Settlement. More information about the lawsuit and the precise terms and conditions of the Settlement is available at www.chipotlenongmoclassaction.com, or by calling toll-free [phone number], or by writing to Chipotle Non-GMO Class Action Administrator at [address], or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 2 - 4th Floor, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, or by contacting Class Counsel at the information listed immediately below.

Kaplan Fox & Kilsheimer LLP
Laurence D. King
Matthew George
Mario M. Choi
350 Sansome Street, Suite 400

San Francisco, CA 94104
(415) 772-4700
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

Kobre & Kim LLP
Hartley M.K. West
150 California Street, 19th Floor
San Francisco, CA 94111
(415) 582-4781
hartley.west@kobrekim.com

**Please do not telephone the Court or the Court Clerk's Office to inquire about this Settlement or the Claims Process.**