# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11    **UNITED STATES DISTRICT COURT**
12    **NORTHERN DISTRICT OF CALIFORNIA**
13
14    MARTIN SCHNEIDER, SARAH          Case No.:  4:16-CV-02200-HSG
      DEIGERT, THERESA GAMAGE, and
15    NADIA PARIKKA, individually and on    **[PROPOSED] ORDER**
      behalf of all others similarly situated,    **CERTIFYING PROVISIONAL**
16                                            **SETTLEMENT CLASS,**
17              Plaintiffs,                   **PRELIMINARILY APPROVING**
                                              **CLASS ACTION SETTLEMENT,**
18         v.                                 **AND PROVIDING FOR NOTICE**
                                              **TO THE SETTLEMENT CLASS**
19    CHIPOTLE MEXICAN GRILL, INC., a
20    Delaware corporation,
21              Defendant.
22
23
24
25
26
27
28

1
2

**[PROPOSED] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND
PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

3
4

WHEREAS, a class action is pending in this court entitled *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (the "Action")

5
6
7
8
9
10
11

WHEREAS, Plaintiffs Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives"), on the one hand, and Defendant Chipotle Mexican Grill Inc. ("Chipotle" or "Defendant") on the other hand, have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

12
13
14

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

15
16

WHEREAS, for purposes of this Order, capitalized terms used herein shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

17
18

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

19
20
21
22
23
24
25
26

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

27
28

1.      Plaintiffs' motion for leave to amend the complaint is granted.

2.   <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3.   <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons in the United States who purchased Chipotle's Food Products in its restaurants during the Class Period.

Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Food Products.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

a.   The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b.   There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
4:16-CV-02200-HSG

c.      Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

d.      Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement in connection with the proposed settlement;

e.      Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  The Court additionally finds, for the reasons set forth in Plaintiffs' motions for preliminary approval, that despite any differences among the laws of the various states, common issues of law and fact predominate, making certification of a nationwide class appropriate for settlement purposes.  In particular, the various states require similar elements of proof with respect to Plaintiffs' consumer fraud and unjust enrichment claims, and because the challenged in-store menus were consistent nationwide, provided to all Settlement Class Members nationwide, any minor variations in the elements of consumer fraud and unjust enrichment claims under the laws of the various states are not material for settlement purposes, do not create a conflict for settlement purposes, and do not outweigh a finding of predominance for settlement purposes regarding the core factual and legal question presented in this action: whether Defendant's "non-GMO" representations nationwide would likely deceive a reasonable consumer.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

f.      Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class; and

g.      Certification of the Settlement Class appears to meet all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the U.S. Constitution, and the Northern District of California's Procedural Guidance for Class Action Settlements.

4.      <u>Class Representatives</u>.  Plaintiffs are designated as class representatives for

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

the Settlement Class.

5.    <u>Class Counsel</u>.  The Court appoints Laurence D. King, Matthew George, Mario M. Choi, Frederic S. Fox and Donald R. Hall of Kaplan Fox & Kilsheimer LLP, and Hartley M. K. West and Matthew I. Menchel of Kobre & Kim LLP, as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6.    <u>Final Approval Hearing</u>.  A final approval hearing shall be held before the Honorable Haywood S. Gilliam on _____ (the "Final Approval Hearing" or "Fairness Hearing") as set forth in the notice to the Settlement Class (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 13 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

7.    <u>Class Notice</u>.  The Court hereby appoints and authorizes _____ to be the Class Action Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Agreement. Class Notice shall be effectuated within sixty (60) days following entry of this Order.

    a.    <u>Newspaper Publication Notice</u>.  The Class Action Settlement Administrator shall provide for Newspaper Publication Notice.  Newspaper Publication Notice shall be in the *East Bay Times* once per week for four (4) consecutive weeks, and a one-time publication in *People* Magazine.  The Newspaper Publication Notice shall be substantially in the form attached as "<u>Exhibit A</u>" to the Agreement.

b.   <u>Website Notice</u>.  The Class Action Settlement Administrator will establish and maintain the Settlement Website.  The Settlement Website will be dedicated to the Settlement.  On the Settlement Website will be posted the Long Form Notice, the Claim Form, a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include.  The Settlement Website shall also provide for online submission of Claim Forms, and instructions on how to access the case docket via PACER or in person at any of the court's locations.  The Settlement Website shall also state the date of the Final Approval Hearing, that the date may change without further notice, and that Settlement Class Members should be advised to check the Settlement Website or the Court's PACER site to confirm that the date has not been changed. These documents and information shall be available on the Settlement Website no later than the Notice Deadline and remain at least until Final Approval.  The Settlement Website shall not include any advertising, and shall not bear or include Chipotle's logo or trademarks.  The Long Form Notice shall be substantially the form attached to the Agreement as "<u>Exhibit B</u>."

c.   <u>Internet Media Publication Notice</u>.  The Class Action Settlement Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones, over a period of 60 days, targeting likely Class Members nationwide.

d.   <u>Toll-Free Number</u>.  The Class Action Settlement Administrator shall establish and host a case specific toll-free number to allow Class Members to learn more and to request further information about the Action.

e.   <u>CAFA Notice</u>.  Defendant shall be responsible for timely compliance with all CAFA notice requirements.

8.   <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves

5

from the Settlement Class.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.  The Court hereby approves that Notices in substantially the same forms as those attached as Exhibits to the Agreement.

9.     <u>Administration</u>.  The Claim Form and the Claims Process described in the Agreement are hereby approved.

10.     <u>Exclusion from the Settlement Class</u>.

a.     Persons in the Settlement Class will possess the right to opt out by sending a written request to the Class Action Settlement Administrator by the Objection/Exclusion Deadline.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

b.     Exclusion requests must: (i) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; (ii) include the full name, address and phone number of the person(s) requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the class settlement in *Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (N.D. Cal.)."  No request for exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

c.     The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted.  In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Class Action Settlement Administrator within two (2) calendar days of the

Objection/Exclusion Deadline.

        d.      The Class Action Settlement Administrator will retain a copy of all requests for exclusion.  Not later than 14 days before the Final Approval Hearing, the Class Action Settlement Administrator shall file with the Court a declaration that lists all of the opt-outs received.

        11.    <u>Objections And Appearances</u>.

        a.      Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

        b.      All written objections and supporting papers shall (a) clearly identify the case name and number (*Martin Schneider et al. v. Chipotle Mexican Grill Inc.*, Case No. 4:16-cv-02200-HSG (N.D. Cal.)), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 2 - 4th Floor, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before the Objection/Exclusion Deadline. Any objections that are not timely mailed or filed shall be forever barred. Written objections shall also contain:  (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based (if any); (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; (6) proof of membership in the Class (if any); (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years (if any); and (8) the signature of the Settlement Class

Member and her or his counsel (if any).

c.     In order to be heard at the Final Approval Hearing, the person also must file a Notice of Intention to Appear with the Court not later than the Objection/Exclusion Deadline.

d.     The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed or served.  In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline.

12.    <u>Effect of Failure to Approve the Agreement</u>.  In the event the Agreement is not approved by the Court, or the Agreement is voluntarily or involuntarily terminated for any reason, or the Parties fail to obtain a Final Judgment as contemplated in the Agreement for any reason, then the following shall apply:

a.     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b.     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendant for the matters alleged in the Action or for any other purpose; and

c.     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law.

13.    <u>Stay/Bar Of Other Proceedings</u>.  All proceedings in this Action are stayed

8

until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Discharged Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14.    Deadlines Regarding Final Approval And Fee Application.  The deadline to submit papers in support of Final Approval of the Agreement and the Fee Application, in addition to other pertinent deadlines discussed herein, are as follows:

| **Item** | **Deadline** |
|---|---|
| Notice Deadline/Notice Date | _____ (i.e, 60 days after Preliminary Approval) |
| Plaintiffs' Motion for Attorneys' Fees and Incentive Awards | _____ (i.e., 35 days before the Objection/Exclusion Deadline), and noticed for the same date as Final Approval Hearing |
| Objection/Exclusion Deadline and Deadline to File Claims | _____ (i.e., 120 days after Preliminary Approval) |
| Motion for Final Approval | _____ (i.e., 60 days prior to date of Final Approval Hearing) |
| Responses to Motion for Attorneys' Fees and Inventive Awards and Motion for Final Approval | _____ (i.e., 25 days prior to date of Final Approval Hearing) |
| Responses to Objections/Motions | _____ (i.e., 14 days prior to Final Approval Hearing) |

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
4:16-CV-02200-HSG

| Final Approval Hearing | �largo▲ (i.e., 180 days after Preliminary Approval, or such other date set by the Court) |
|---|---|

**IT IS SO ORDERED.**

DATED:                          _____

                                HON. HAYWOOD S. GILLIAM, JR.
                                United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
4:16-CV-02200-HSG