# EXHIBIT E

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN SCHNEIDER, SARAH DEIGERT, THERESA GAMAGE, and NADIA PARIKKA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 4:16-CV-02200-HSG<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND ORDER OF DISMISSAL** |

## **[PROPOSED] ORDER**

The Court having held a Final Approval Hearing on _____, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Certifying Provisional Settlement Class, (2) Preliminarily Approving Class Action Settlement, and (3) Providing for Notice to the Settlement Class ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and Order of Dismissal, and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated _____, including exhibits (the "Agreement"), and the definition of the words and terms contained therein, are incorporated by reference in this Order.

2. The Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes only in this Court's Preliminary Approval Order:

> All persons in the United States who purchased Chipotle's Food Products in its restaurants during the Class Period.

Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Food Products.

3. The Class Action Settlement Administrator determined that ___ persons

1  timely and validly opted out of the Settlement and, thus, are excluded from the
2  Settlement Class.  The list of such persons timely and validly opting out of the
3  Settlement is attached to the Declaration of _____ in support of
4  Plaintiffs' Motion for Final Approval as "**Exhibit \_\_**." (Dkt. No. \_\_\_.)  All Settlement
5  Class Members not identified in Exhibit 1 shall be bound by this Order.

6       4.       The Court hereby finds that the Agreement is the product of arm's length
7  settlement negotiations among Plaintiffs, Class Counsel, and Defendant.

8       5.       This Court now gives final approval to the Agreement, and finds that the
9  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement
10 Class. The settlement consideration provided under the Agreement constitutes fair value
11 given in exchange for the release of the Released Claims against the Discharged Parties.
12 The Court finds that the consideration to be paid to Settlement Class Members is
13 reasonable, and in the best interests of the Settlement Class Members, considering the
14 total value of their claims compared to (i) the disputed factual and legal circumstances
15 of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential
16 risks and likelihood of success of pursuing litigation on the merits.  The complex legal
17 and factual posture of this case, the amount of discovery completed, and the fact that the
18 Settlement is the result of arm's-length negotiations between the Parties all support this
19 finding. The Court finds that these facts, in addition to the Court's observations
20 throughout the litigation, demonstrate that there was no collusion present in the
21 reaching of the Agreement, implicit or otherwise.

22      6.       The Court has considered the factors relevant to class action settlement
23 approval, including: (1) the strength of the plaintiffs' case; (2) the risk, expense,
24 complexity, and likely duration of further litigation; (3) the risk of maintaining class
25 action status throughout the trial; (4) the amount offered in settlement; (5) the extent of
26 discovery completed and the stage of the proceedings; (6) the experience and views of
27 counsel; (7) the presence of a governmental participant; and (8) the reaction of the class
28 members to the proposed settlement.  *In re Online DVD-Rental Antitrust Litig.*, 779

F.3d 934, 944 (9th Cir. 2015).

7.      The Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes only because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. The Court additionally finds, for the reasons set forth in Plaintiffs' motions for preliminary and final approval, that despite any differences among the laws of the various states, common issues of law and fact predominate, making certification of a nationwide class appropriate for settlement purposes. In particular, the various states require similar elements of proof with respect to Plaintiffs' consumer fraud and unjust enrichment claims, and because the challenged in-store menus were consistent nationwide, provided to all Settlement Class Members nationwide, any minor variations in the elements of consumer fraud and unjust enrichment claims under the laws of the various states are not material for settlement purposes, do not create a conflict for settlement purposes, and do not outweigh a finding of predominance for settlement purposes regarding the core factual and legal question presented in this action: whether Defendant's "non-GMO" representations nationwide would likely deceive a reasonable consumer.

8.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section IV

of the Agreement and was in compliance with this Court's Preliminary Approval Order.

9. The Court further finds and concludes that the Class Notice and Claims submission procedures set forth in Sections III through V of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

10. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. Accordingly, the Agreement is hereby finally approved in all respects, and the Court certifies the above-referenced Settlement Class.

12. The Parties are hereby directed to further implement the Agreement according to its terms and provisions, but may agree to reasonable extensions of time to carry out any provisions of the Agreement without further order from the Court. The Agreement is hereby incorporated into this Final Approval Order and Order of Dismissal in full and shall have the full force of an Order of this Court.

13. The Court reserves jurisdiction over all matters arising out of the Agreement.

14. Plaintiffs and each of the Settlement Class Members fully release and discharge Defendant and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct,

indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the purchase of the Food Products marketed as non-GMO during the Class Period and the claims alleged in the operative complaint in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaint in the Action, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, labeling, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Discharged Parties of the Food Products, any claims for rescission, restitution or unjust enrichment for all damages of any kind, violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes, any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extracontractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Discharged Parties pertaining to or relating to the claims alleged in the operative complaint in the Action, notwithstanding that Plaintiffs and the Settlement

Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Released Claims herein.

15. In addition, any rights of the Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

16. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Discharged Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Order.

18. If for any reason the Agreement terminates or Final Approval does not occur, then certification of the Settlement Class shall be deemed vacated. In such an

event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

19. In the event that any provision of the Agreement or this Final Approval Order and Order of Dismissal is asserted by Defendant as a defense in whole or in part to any cause of action, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. The Court approves Class Counsel's application for $_____ in attorneys' fees and costs.

21. The Court approves a service award to the Class Representatives (Martin Schneider, Sarah Deigert, Theresa Gamage, and Nadia Parikka) each in the amount of $_____.

22. No later than 21 calendar days after the Claim Payments are distributed to the Settlement Class Members who submitted timely and valid Claim Forms, Plaintiffs shall file a Post-Distribution Accounting, which includes, to the extent possible, all

information required under Northern District of California Procedural Guidance for Class Action Settlements, and post the same on the Settlement Website. This Final Order and Order of Dismissal, and any Final Judgment to be entered hereon, shall also be posted on the Settlement Website.

23. Without affecting the finality of this Final Approval Order and Order of Dismissal, or any Final Judgment to be entered hereon, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement.

24. The Court overrules any and all objections to the Settlement submitted by Settlement Class Members.

25. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Agreement.

**IT IS SO ORDERED.**

DATED: _____
HON. HAYWOOD S. GILLIAM, JR.
United States District Judge