Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*

Hartley M. K. West (SBN 191609)
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: 415-582-4781
*hartley.west@kobrekim.com*

Matthew I. Menchel (*pro hac vice*)
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Telephone: 305-967-6108
*matthew.menchel@kobrekim.com*

*Attorneys for Plaintiffs and the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MARTIN SCHNEIDER, SARAH DEIGERT, THERESA GAMAGE, and NADIA PARIKKA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:16-cv-02200-HSG (KAW)<br><br>**PLAINTIFFS' CONSOLIDATED REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor<br>Date: July 30, 2020<br>Time: 2:00 p.m. |

## I. INTRODUCTION

Plaintiffs moved for attorneys' fees, expenses, and service awards on April 24, 2020 ("Fees Motion") (Dkt. 224), and for final approval of the Settlement[1] on June 1, 2020 ("Final Approval Motion") (Dkt. 226). The deadline for Settlement Class Members to file a Claim, request exclusion with the Settlement Administrator, and to object to the Settlement with the Court was May 30, 2020 (Dkt. 222). Plaintiffs now submit this reply to provide final information on Settlement Class Member reactions to the Settlement and to the Fees Motion.

Settlement Class Members have responded favorably to the Settlement. As of the date for this reply, there has been one formal objection filed with the Court concerning the Fees Motion (Dkt. 227), and a total of 22 letters received by Class Counsel concerning the Settlement Amount per Claim. *See* Decl. of Laurence D. King in Supp. of Pls' Mot. for Final Appr. of Settlement ("King Final Appr. Decl."), filed June 1, 2020 (Dkt. 226-1), Ex. B; *see also* Decl. of Laurence D. King in Supp. of Pls' Consol. Reply in Further Supp. of Mot. for Final Appr. of Settlement and Mot. for Attys' Fees, Expenses, and Serv. Awards ("King Supp. Decl."), dated July 16, 2020, Ex. B. There was only one Settlement Class Member who has, within the Court-ordered time frame, excluded himself. King Final Appr. Decl., Ex. A (Decl. of Steven Weisbrot of Angeion Group, LLC Regarding Settlement Admin. ("Weisbrot Decl."), dated June 1, 2020, Ex. D) (Dkt. 226-2). Over 251,000 Claim Forms were filed.

Under the Plan of Allocation preliminarily approved by the Court, the Settlement Administrator estimates the total amount to be distributed for all valid claims without receipts is approximately $1,403,758. *See* King Supp. Decl., Ex. A (Decl. of Steven Giannotti of Angeion Group, LLC Re: Update on Settlement Admin. ("Giannotti Decl."), dated July 16, 2020), ¶ 7. The total amount to be distributed to Settlement Class Members who have valid claims with receipts is approximately $48,958. *Id.* The Settlement Administrator expects to distribute a total amount of approximately $1,452,716 to the Settlement Class, and an estimated *cy pres* amount of $1.84 million to be distributed equally to Court-approved *cy pres* recipients Public Counsel and Public Justice. *Id.*

---

[1] All capitalized terms are defined in the Settlement Agreement and Release ("Settlement" or "Stipulation"), filed September 11, 2019 (Dkt. 205-2), unless otherwise noted.

The Settlement is "fair, reasonable, and adequate." *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 945 (9th Cir. 2015). And Plaintiffs' request for attorneys' fees, expenses, and service awards is also fair and reasonable considering the time and effort devoted to the Action, the results achieved given the difficulties presented, and the positive reaction of Settlement Class Members. Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement and the Fees Motion.

## II. ARGUMENT

### A. The Settlement Should Be Finally Approved

In their Fees Motion and accompanying Declaration of Laurence King in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards ("King Fees Decl.") (Dkt. 224-1), Plaintiffs detailed the history of this Action. In their Final Approval Motion, Plaintiffs summarized the terms of the Settlement and explained why the Settlement was fair, reasonable, and adequate, and meriting final approval under the relevant legal standards. *See* Final Appr. Mot.; *see also* King Final Appr. Decl. Plaintiffs address below the only settlement factor that has evolved since the motion was filed—the reaction of Settlement Class Members to the Settlement.

#### 1. Reaction Of Settlement Class Members

The Court should consider the reaction of class members in evaluating the Settlement's fairness. *Churchill Vill., LLC v. Gen Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (collecting cases); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) (noting that the "low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval"); *Tumampos v. Cathay Pac. Airways Ltd.*, No. 16-CV-06208, 2018 WL 5603702, at *7 (N.D. Cal. Sept. 21, 2018) ("no state or federal official has raised any objection or concern regarding the settlement. . . . Accordingly, this factor weighs in favor of approving the Settlement Agreement.").

| | |
|---|---|
| 1 | The response of the Settlement Class has been favorable and strongly weighs in favor of final approval of the Settlement.  First, there is only one request for exclusion from the Settlement. *See* Weisbrot Decl., Ex. D.  Second, there were only 22 letters received by Class Counsel concerning the Settlement, and one formal objection filed with the Court concerning the Fees Motion.  *See* King Final Appr. Decl., Ex. B; King Supp. Decl., Ex. B; Dkt. 227.  Third, 251,119 claims were filed by the May 30, 2020 deadline, with 16 submissions made after the May 30, 2020 deadline.  Giannotti Decl. ¶ 4.  Angeion Group LLC ("Angeion"), the Settlement Administrator, rejected 107,079 claims for reasons described in the Giannotti Declaration, including for duplicate or fraudulent claims.  *Id.* ¶¶ 5, 8. |

Removing these suspect claims results in 144,040 valid claims.  *Id.* ¶¶ 5, 6.  The number of claims weighs in favor of both the adequacy of the Class Notice program and the Settlement. Settlement Class Members' level of participation and use of both Claim options suggests a favorable response to the Settlement and Class Counsel's allocation method.  And, based on the current claims data, Settlement Class Members will receive the full benefit of the Settlement.  *Id.* ¶ 7 n.2.  Angeion estimates that Claimants whose claims are supported by receipts will be paid in full up to the $20 amount for 10 purchases.  *Id*. ¶ 7.  Similarly, Angeion estimates that all Claimants whose claims are approved and without receipts will be paid in full up to $10 per Settlement Class Member.  *Id*.

Pursuant to the Settlement Timeline (Settlement § XXV), Settlement Awards will be distributed to Settlement Class Members in a single distribution 180 days after the Effective Date. Based on the total number of approved valid purchases, Angeion has determined that the value of the purchases without proof is approximately $1,403,758 and that the value of the purchases with proof is approximately $48,958, for a total Settlement Award of approximately $1,452,716. Giannotti Decl., ¶ 7.  A *cy pres* amount of approximately $1,836,246.84 (plus any amount not cashed by Settlement Class Members by the Void Date) will be distributed in equal amounts to Public Justice and Public Counsel 45 days after the Void Date.

## 2. Correspondence From Purported Class Members

Class Counsel received additional letters from purported Settlement Class Members disagreeing with the Settlement Amount after the filing of the Final Approval Motion. *See* King Supp. Decl., Ex. B. Similar to the 11 letters that were previously filed with the Final Approval Motion, the Court should reject these additional 11 letters because they were not formally lodged with the Court as required under the Court-ordered objection procedure provided for in the Settlement (§ V.A), and described in the Long Form Notice (Dkt. 205-4) and on the Settlement Website. *See Nwabueze v. AT &T Inc.*, No. C 09-01529 SI, 2013 WL 6199596, at *6-7 (N.D. Cal. Nov. 27, 2013) (overruling objections on the basis that the objections submitted "failed to comply with the Court's procedural requirements for objecting to the Settlement"); *Moore v Verizon Commcn's Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *11-12 (N.D. Cal. Aug. 28, 2013) (same).

Even if the Court were to consider the additional letters, the Court should still reject them because the purported objections are meritless. One writer who disagreed with the Settlement Amount did not provide a reason for his disagreement. *See* King Supp. Decl., Ex. B. Four of the letter writers seek to mediate their own individual claims. *Id.* And six of the letter writers seek greater damages pursuant to the Federal Trade Commission Act ("FTCA"). *Id.* But as articulated in the Final Approval Motion, in addition to the fact that these Settlement Class Members could have sought to opt out of the Settlement to bring their own claims (but did not do so), any objections purporting to seek greater damages under the FTCA must be rejected because "private actions to vindicate rights asserted under the Federal Trade Commission Act may not be maintained." *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987 (D.C. Cir. 1973); *see Corzine v. Whirlpool Corp.*, No. 15-cv-05764-BLF, 2019 WL 7372275, at *7 (N.D. Cal. Dec. 31, 2019) (noting that "[f]ederal courts routinely hold that the opt-out remedy is sufficient to protect class members who are unhappy with the negotiated class action settlement terms" (quoting *Eisen v. Porsche Cars N. Am., Inc.*, No. 2:11-CV-09405-CAS, 2014 WL 4390066, at *7 (C.D. Cal. Jan. 30, 2014)).[2]

---

[2] Plaintiffs note that multiple letters arrived in envelopes having the same handwriting. *See* King Supp. Decl., Ex. C (envelopes for Stacee Danzy, Michael Gaskins, Marie Demesmin, Ursule Bissereth, and Shamara Sawyer letters).

1     The Court should reject the purported "objections."

**B.     The Motion For Attorneys' Fees, Expenses, And Service Awards Should Be Granted**

In their Fees Motion, Plaintiffs explained why the fees, expenses and service awards requested were reasonable and should be granted under the applicable legal standards. *See* Fees Motion; *see also* King Fees Decl. The Court received one objection to Class Counsel's fees request (Dkt. 227), by purported Settlement Class Member and serial objector Pamela Sweeney. *See Rikos v. Proctor & Gamble Co.*, No. 1:11-cv-226, 2018 WL 2009681, at *13 (S.D. Ohio Apr. 30, 2018) (noting that Ms. Sweeney "frequently objects to class action settlements").

Ms. Sweeney objected to Class Counsel's request for attorneys' fees on the basis that it was "excessive and unreasonable given the work performed by class counsel in this case" (Dkt. 227). But other than making that conclusory statement, Ms. Sweeney fails to provide any "record evidence or legal authority in support her conclusory argument." *Rikos*, 2018 WL 2009681, at *13 (stating that because Ms. Sweeney failed to provide any reasoning in objecting to the settlement, the court overruled her objection); *see also In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 WL 4620695, at *5 (N.D. Cal. Sept. 20, 2018) (same). Indeed, Plaintiffs supplied the Court with legal and factual support for their requested fees and expenses award, which was made available to Settlement Class Members on the Settlement Website. Giannotti Decl., ¶ 3. Had she reviewed the briefing, Ms. Sweeney would have recognized that Class Counsel devoted thousands of hours and significant out-of-pocket expenses to develop and prosecute this Action. *See* Fees Mot.; *see also* King Fees Decl. Based on Class Counsel's lodestar, Class Counsel's fees request is a negative multiplier. *Id.* That Ms. Sweeney argues that Class Counsel's fees request is "excessive and unreasonable" without providing any support only evidences the lack of merit to Ms. Sweeney's position. The Court should overrule her objection.

There has been no objection to either Class Counsel's request for expenses or to the service awards. The requested expenses are reasonable, and the $5,000 service awards are warranted in view of Plaintiffs' contributions to the case. *See Nelson v. Avon Prod., Inc.*, No. 13-CV-02276-

BLF, 2017 WL 733145, at *7 (N.D. Cal. Feb. 24, 2017) (noting that "[i]n this Circuit, an award of $5,000 is presumptively reasonable").

### C. Distribution Of The Settlement And Settlement Administration

The Settlement Administrator has completed its review process for Settlement Class Members' claims and has finally determined their settlement payment amounts. *See* Giannotti Decl., ¶¶ 4-8. If the Court grants final approval, 30 days after the Effective Date, Defendant will fund payment to the Settlement Fund. *See* Settlement § XXV; *id.* § III.D. Any Court-ordered attorneys' fees, costs, and service awards will be distributed 45 days after the Effective Date. *Id.* § XXV. Angeion will distribute the Settlement Awards 180 days after the Effective Date. *Id.* And Plaintiffs will file a Post Distribution Accounting within 21 days of the distribution of the Settlement Awards, pursuant to the Northern District of California Procedural Guidance for Class Action Settlements. *Id.*

In the Final Approval Motion, the Settlement Administrator estimated that it would incur $676,408.43 in costs and fees based on its estimate of claims submissions (of which $400,000 is already provided for in the Stipulation). *See* Weisbrot Decl., ¶ 14. Based upon updated information, including the actual number of eligible claims, the Settlement Administrator expects to incur a total of $604,480.88 in costs and fees. Giannotti Decl., ¶ 9. Plaintiffs believe the Settlement Administrator's fees is fair and reasonable and should be approved.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant final approval of the Settlement, enter final judgment dismissing Plaintiffs' claims, approve Plaintiffs' plan of allocation, and grant Plaintiffs' motion for attorneys' fees, expenses, and service awards.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: July 16, 2020  By: /s/ *Laurence D. King*
　　　　　　　　　　　　　Laurence D. King

| | |
|---|---|
| 1 | Laurence D. King |
| | Matthew B. George |
| 2 | Mario M. Choi |
| | 1999 Harrison Street, Suite 1560 |
| 3 | Oakland, CA 94612 |
| | Telephone: 415-772-4700 |
| 4 | Facsimile: 415-772-4707 |
| | *lking@kaplanfox.com* |
| 5 | *mgeorge@kaplanfox.com* |
| | *mchoi@kaplanfox.com* |
| 6 | |
| | **KAPLAN FOX & KILSHEIMER LLP** |
| 7 | Frederic S. Fox (*pro hac vice*) |
| | Donald R. Hall (*pro hac vice*) |
| 8 | 850 Third Avenue, 14th Floor |
| | New York, NY 10022 |
| 9 | Telephone: 212-687-1980 |
| | Facsimile: 212-687-7714 |
| 10 | *ffox@kaplanfox.com* |
| | *dhall@kaplanfox.com* |
| 11 | |
| | **KOBRE & KIM LLP** |
| 12 | Hartley M. K. West |
| | 150 California Street, 19th Floor |
| 13 | San Francisco, CA 94111 |
| | Telephone: 415-582-4781 |
| 14 | *hartley.west@kobrekim.com* |
| 15 | **KOBRE & KIM LLP** |
| | Matthew I. Menchel (*pro hac vice*) |
| 16 | 201 South Biscayne Boulevard, Suite 1900 |
| | Miami, FL 33131 |
| 17 | Telephone: 305-967-6108 |
| | *matthew.menchel@kobrekim.com* |
| 18 | |
| | *Counsel for Plaintiffs and the Settlement Class* |